A99A0982. WATERS v. STATE OF GEORGIA.
(522 SE2d 493)

SMITH, Judge.

In this drug forfeiture proceeding under OCGA § 16-13-49, Jamie Waters appeals the trial court's grant of the State's motion to dismiss his answer for failure to contain the information required by OCGA § 16-13-49 (o) (3). In his sole enumeration of error, Waters contends the trial court erred in refusing to allow him to amend his answer. We disagree and affirm.

Waters relies upon the recent Supreme Court of Georgia decision of *Rojas v. State of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998). In *Rojas*, the Supreme Court held that the provisions of OCGA § 16-13-49 (o) (3) did not prohibit the filing of an amended answer beyond the 30-day period granted for filing an initial answer, even if that initial answer was insufficient to meet the pleading requirements of the Code section. Id. at 123-124. But that holding is inapplicable here, even assuming that the trial court in fact forbade the amendment, because Waters clearly was permitted by law to amend his answer but failed to do so.

The procedural history of this case shows that the State filed its petition for forfeiture, and Waters filed a timely answer. The State erroneously contended that Waters's answer was untimely and sought and obtained an order entering judgment on that basis.[1] Waters filed a motion to vacate and set aside that order. The State also filed a motion to strike Waters's answer as insufficient under OCGA § 16-13-49 (o) (3).

At the hearing on Waters's motion to vacate and set aside, the trial court granted Waters's motion and reinstated the answer. At that time, the trial court inquired whether the State had anything further, and the State asked for a ruling on its motion to strike. Waters's counsel stated that he had not received a copy of the motion to strike and objected to going forward on the motion. The trial court then told Waters's counsel that it would give him "a few moments to look at it and then tell me whether or not you can be prepared to argue that this afternoon. You may take a few moments to look at it."

---

[1] At the hearing, the State attributed this error to a delay in in-house delivery to the State's attorney in charge of the case and to the separation of the certified mail receipt from the answer.

After a brief pause, the proceedings resumed. Waters's counsel argued extensively in opposition to the motion to strike. Only after the trial court indicated its inclination to rule in favor of the State did Waters orally request permission to amend two paragraphs of the answer. The trial court responded, "You indicated a few moments ago that you were prepared to argue the motion to strike which was what we did. I'm gonna take it under advisement." By taking the pending motions under advisement, the trial court declined to make a decision at the hearing and never explicitly instructed Waters's counsel that he could not file an amendment. Waters's counsel did not request clarification or a definitive ruling from the court.

Moreover, the record does not reflect that any order was ever entered forbidding amendment of Waters's answer. " 'What the judge orally declares is no judgment until it has been put in writing and entered as such.' " *G. M. J. v. State of Ga.*, 130 Ga. App. 420, 421 (1) (203 SE2d 608) (1973). And " '[u]ntil an order is signed by the judge (and is filed) it is ineffective for any purpose.' [Cit.]" *State v. Moore*, 207 Ga. App. 677, n. 1 (428 SE2d 815) (1993). More importantly, Waters did not need to seek permission to amend his complaint. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a). The Supreme Court plainly stated in *Rojas*, supra, that the amendment provisions of OCGA § 9-11-15 apply to forfeiture actions and that amendments to answers in forfeiture proceedings are permitted. Id. at 123.

The hearing was held on September 9, 1998. The trial court's order striking Waters's answer was not entered until October 5, 1998. During this time, Waters made no effort to amend his answer, and the record contains no motion or proffer showing the substance of any proposed amendment.

> No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. A party's acquiescence to the ruling of a trial court deprives the party of a right to complain of that ruling on appeal, and acquiescence can be caused by silence.

(Citations and punctuation omitted.) *Carr v. State*, 214 Ga. App. 367, 368 (448 SE2d 33) (1994). By acquiescing in the trial court's oral comment and by failing to take any action to amend his answer for almost 30 days before the trial court's order was entered, despite his ability to do so as a matter of right, Waters has waived the issue of whether the trial court improperly forbade him to amend his answer.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Gaines C. Granade,* for appellant.
*Robert E. Keller, District Attorney, Rita B. Jackson, Assistant District Attorney,* for appellee.