A99A2369. JONES v. STATE OF GEORGIA.
(527 SE2d 611)

JOHNSON, Chief Judge.

The primary question in this forfeiture case is whether the trial court erred in dismissing Bruce Jones' answer and entering judgment of forfeiture based on Jones' failure to include in his answer information required by the forfeiture statute. We conclude that the trial court acted properly and thus affirm.

The State of Georgia filed a complaint seeking forfeiture of cocaine, marijuana, a Lincoln Towncar and its electrical components, and $622 seized by law enforcement officers when they stopped Jones as he drove the Towncar with what they suspected were illegally tinted windows. Jones answered the complaint, claiming ownership of the car, its components, and the money but denying any knowledge of the drugs and all other allegations contained in the complaint. The State moved to dismiss Jones' answer, contending that the pleading did not meet the requirements of OCGA § 16-13-49 (o) (3). After a hearing, the trial court granted the State's motion to dismiss the answer. Shortly thereafter, the trial court entered judgment of forfeiture. This appeal follows.

1. At the outset we note that the form of Jones' pro se brief does not comply with the rules of this court. The sequence and content of

---

[12] See *Woodard,* supra at 324 (4).
[13] *White v. State,* 213 Ga. App. 429 (1) (445 SE2d 309) (1994).

his nine enumerations of error bear little resemblance to the sequence and content of the ten arguments made in his brief. Many of the arguments are intermingled, and others are completely unrelated to any of the enumerated errors.

This court requires that there be a direct and logical relationship between the enumerations of error and the arguments contained in the briefs. Court of Appeals Rule 27 (c) (1). We created the requirements as to the form of appellate briefs not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by the court. *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996). As presented, Jones' arguments are extremely difficult to decipher. Nonetheless, we will exercise our discretion to consider what we believe are the main arguments presented, to the degree that we are able to discern them. See *Ray v. Ford Motor Co.*, 237 Ga. App. 316 (514 SE2d 227) (1999).

2. The trial court did not err in dismissing Jones' answer as insufficient. The sufficiency of an answer to a forfeiture petition must be judged in light of the specific statutory requirements. *Dennis v. State of Ga.*, 224 Ga. App. 11 (1) (479 SE2d 380) (1996). The forfeiture statute expressly requires that the answer be verified and contain certain factual information, such as: the address at which the claimant will accept mail; the nature and extent of the claimant's interest in the property; the dates and circumstances of the claimant's acquisition of the interest in the property; the identity of the transferor; the specific provision of the Code section relied upon in asserting that the property is not subject to forfeiture; all essential facts supporting each assertion; and the precise relief sought. OCGA § 16-13-49 (o) (3) (B)-(G). Jones' answer was not verified and did not include any of the information required by subparts (o) (3) (B)-(G).

The pleading requirements of the forfeiture statute have been strictly construed by our courts. *Jett v. State of Ga.*, 230 Ga. App. 655, 657 (3) (498 SE2d 274) (1998). The failure to timely file an answer in strict compliance with the specific pleading requirements of the forfeiture statute results in dismissal. Id. The trial court did not err in dismissing Jones' answer and in entering judgment of forfeiture. See *Mitchell v. State of Ga.*, 217 Ga. App. 282 (457 SE2d 237) (1995).

3. Jones asserts that no answer was required because the affidavit the State filed with the complaint was not sufficient and the complaint, therefore, was not valid. Specifically, he states that the affidavit was not made by someone with personal knowledge of the facts supporting the forfeiture.

The statute requires that a complaint for forfeiture be "verified on oath or affirmation by a duly authorized agent of the state in a manner required by the laws of this state." OCGA § 16-13-49 (o) (1).

In this case, the assistant district attorney signed a verification in which he swore under oath that "the facts contained in the foregoing complaint for condemnation are true and correct to the best of his knowledge and belief." In proceedings brought under the forfeiture statute, a district attorney's verification that the allegations are true and correct to the best of his knowledge and belief is a proper verification by a duly authorized agent of the state. *Chester v. State of Ga.*, 168 Ga. App. 618, 620 (2) (309 SE2d 897) (1983). Thus, the affidavit here was proper.

We note that the cases upon which Jones relies for his argument pertain to affidavits or evidence submitted in support of motions for summary judgment in tort or guardianship cases. See *Hill v. Loren*, 187 Ga. App. 71, 72 (1) (369 SE2d 260) (1988); *Davidson v. American Fitness Centers*, 171 Ga. App. 691, 692-693 (2) (320 SE2d 824) (1984); *Davis v. Haupt Bros. Gas Co.*, 131 Ga. App. 628, 629 (2) (206 SE2d 598) (1974). The requirements of the specialized, forfeiture statute ordinarily prevail over the more general requirements of the Civil Practice Act. See *Lee v. State of Ga.*, 225 Ga. App. 733, 735 (484 SE2d 777) (1997). His argument is without merit.

4. Jones filed numerous motions challenging the forfeiture petition in the trial court, such as motions to suppress, to strike affidavit, to discover, to dismiss complaint, and to admit evidence. He argues that the trial court erred in not considering the motions. However, in the absence of a legally sufficient answer, the trial court was without authority to consider his motions. See *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355-356 (3) (480 SE2d 353) (1997); *Greene v. State of Ga.*, 220 Ga. App. 292 (469 SE2d 428) (1996). Furthermore, having reviewed the bases of these motions, we find no harm in the trial court's failure to rule upon the motions. See generally *Robinson v. State of Ga.*, 209 Ga. App. 446, 448 (2) (433 SE2d 707) (1993).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 10, 2000.

Bruce Jones, *pro se.*
*Ralph M. Walke, District Attorney, Tracie J. Hobbs, Assistant District Attorney*, for appellee.