A99A2198. DEARING et al. v. STATE OF GEORGIA.
(532 SE2d 751)

POPE, Presiding Judge.

Amanda Dearing and John David Edmondson, Jr. appeal the order granting the State's motion to dismiss their answers under OCGA § 16-13-49 in this forfeiture case. For the following reasons, we conclude that the answer Edmondson filed was sufficient under OCGA § 16-13-49 (o) (3). Accordingly, we reverse the trial court's dismissal of his answer and remand the case as to the property he claims for further proceedings. In contrast, we affirm the trial court's dismissal of Dearing's answer on the basis that it was insufficient to satisfy the statutory requirements.

On October 5, 1995, the State filed an initial notice of forfeiture under OCGA § 16-13-49 (n) (5), stating that on August 31, 1995, $3,640 and a certain rifle had been seized. The notice stated that the property was seized pursuant to the execution of a search warrant at a residence occupied by Dearing and John David Edmondson, Sr. It further stated that the property was found close to methamphetamine and cocaine and that the property constituted proceeds from methamphetamine and cocaine transactions.[1]

The State published the required notice. On February 26, 1996,

---

[19] See OCGA § 9-11-56 (c).

[1] Although not directly relevant to the issues involved in this case, the record establishes that on December 7, 1995, the State filed a motion for judgment of forfeiture and disposition of the property, because no answer asserting a claim to the property had been filed. The court granted a motion for default judgment of forfeiture and disposition of the property on December 7, 1995. Nevertheless, on January 28, 1996, the court issued an order vacating this judgment because of the State's failure to print notice in the Gainesville Times, "the legal organ of Hall County." See OCGA § 16-13-49 (n) (2).

Dearing, Edmondson, and Edmondson, Sr.[2] each filed claims to the property as provided for in OCGA § 16-13-49 (n) (3). Edmondson's response to the notice set forth his mailing address and stated that he "was the owner of ONE REMINGTON MODEL 742 .308 RIFLE W/SCOPE, SERIAL NUMBER 6953558." The answer also stated that the rifle was acquired from Edmondson's father, Edmondson, Sr., as a gift on or about Christmas 1992. Edmondson then raised all legal defenses available to him under OCGA § 16-13-49 (e) — specifically, he denied that the property facilitated illegal activity and denied that the property was subject to forfeiture. Edmondson also requested that the property be returned to him immediately. The answer concluded with a verification which stated that Edmondson had personally appeared before a notary public and that he "on oath deposes and says that the facts set forth in the foregoing pleadings are true and correct." The notary public verified that the document had been sworn to and subscribed before her.

In Dearing's claim to the property, she stated her mailing address and then asserted that she was the owner of $2,100 of the money seized. She stated that she acquired the money through her work as a house cleaner, and she specifically named four of her customers. Dearing stated that she had divided the money into three envelopes so that she could distribute it to her two co-workers. She then raised all defenses available to her under OCGA § 16-13-49 (e), denied that the property facilitated illegal activity, and denied that the property was subject to forfeiture for various reasons. She also requested that the property be returned to her. Dearing completed her answer with a verification which stated that she had personally appeared before a notary public and that she "on oath deposes and says that the facts set forth in the foregoing pleadings are true and correct." The notary public also verified that the document had been sworn to and subscribed before her.

On March 20, 1996, the State filed a formal complaint for forfeiture in rem under OCGA § 16-13-49 (o). See OCGA § 16-13-49 (n) (5). Also on that date, the court issued an order for service. Edmondson was served with summons and a copy of the complaint on March 27, 1996; Dearing was served with summons and the complaint the next day.

Both Dearing and Edmondson filed timely answers to the complaint. In her answer to the complaint, as in her previously filed claim to the property, Dearing stated her mailing address and then denied that the property was subject to forfeiture. She again stated

---

[2] The court ruled the property of Edmondson, Sr. was not subject to forfeiture under the order. Edmondson, Sr., who was never served with the complaint and never filed an answer, is now deceased, and this appeal involves only the claims of the other two defendants.

that she had acquired the money through her work as a house cleaner; she listed the names of four of her customers; and she explained that the money had been divided to facilitate distributing it to her co-workers. Dearing raised the defenses available to her under OCGA § 16-13-49 (e); again, she denied that the property was used to facilitate the distribution of drugs; and again, she requested that the property be returned to her. The answer concluded with a verification which stated that Dearing had personally appeared before a notary public and that she "on oath deposes and says that the facts set forth in the foregoing pleadings are true and correct." Again the notary public also verified that the document had been sworn to and subscribed before her.

Likewise, Edmondson's answer was similar to his earlier claim: he set forth his mailing address; he denied that the property was subject to forfeiture; and he stated that he had received the specifically described rifle as a gift from his father around Christmas 1992. Edmondson then raised all of the legal defenses available to him under OCGA § 16-13-49 (e) and requested an immediate return of his property. He again verified his answer under oath before a Hall County notary public.[3]

The State filed a motion to dismiss the answers and for judgment on the pleadings, arguing that the answers were legally insufficient and that the court should strike them, thus entitling the State to a judgment of forfeiture. The court granted the State's motion to dismiss, finding that Dearing's and Edmondson's answers failed to state with the required particularity the elements of OCGA § 16-13-49 (o) and that the answers were not executed under penalty of perjury as also required by that section. The court concluded that because the answers were legally insufficient they would be dismissed, which effectively meant that no answer was filed to the State's notice of forfeiture, and no hearing was required. See OCGA § 16-13-49 (o) (4). Accordingly, the court concluded that the property was subject to forfeiture.

---

[3] The parties do not here address the issue of the delay in holding the hearing, and accordingly, we do not address this issue either. OCGA § 16-13-49 (o) (5) requires that in forfeiture actions in which an answer is filed "a hearing must be held within 60 days after service of the complaint unless continued for good cause. . . ." On May 1, 1996, the State filed a motion for continuance in which it urged that the court continue the case until the criminal case against Dearing and Edmondson was resolved. The court scheduled a hearing on the State's motion for June 27, 1996, which was outside the original 60-day window for conducting the hearing, and continued the case "pending a ruling on this motion." More than two years later — on July 16, 1998 — Dearing and Edmondson filed a motion to dismiss the forfeiture action based on the State's failure to properly give notice of the seizure or to hold a hearing within sixty days. In the motion, Dearing and Edmondson claimed that the court had not held a hearing on the State's motion for continuance. The court denied defendants' motion.

1. Dearing and Edmondson argue that the court erred in ruling that their answers were not executed under penalty of perjury as required by OCGA § 16-13-49 (o) (3). We agree.

OCGA § 16-13-49 (o) (3) requires that: "[a]n answer must be verified by the owner or interest holder under penalty of perjury." The elements of perjury are outlined in OCGA § 16-10-70 (a), which states: "[a] person to whom a lawful oath or affirmation has been administered commits the offense of perjury when, in a judicial proceeding, he knowingly and willfully makes a false statement material to the issue or point in question." Under this statute, false verification of pleadings by oath constitutes perjury. See generally *Watson v. State*, 235 Ga. App. 381, 385 (1) (b) (509 SE2d 87) (1998).

As stated above, both answers here included verifications signed under oath before a Hall County notary public. The verifications stated that the claimant "on oath deposes and says that the facts set forth in the foregoing pleadings are true and correct." These verifications satisfied OCGA § 16-13-49 (o) (3).

The statute's requirement that an answer be verified "under penalty of perjury" does not mean that those precise words must be used. Nevertheless, we recognize that dicta in *State of Ga. v. Miller*, 234 Ga. App. 650, 651 (507 SE2d 521) (1998), may imply that these words are necessary. See also *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (1) (472 SE2d 315) (1996), overruled on other grounds, *Rojas v. State of Ga.*, 269 Ga. 121, 123 (2) (498 SE2d 735) (1998). In *State of Ga. v. Miller*, the verification stated: " 'the facts stated in the foregoing Answer to the State's Complaint for Forfeiture are true and correct to the best of his (sic) knowledge and belief.' " Id. at 651. The court found that this verification did not "comport with the letter and the spirit" of OCGA § 16-13-40 (o) (3) since it neither specified the mandatory perjury language nor appeared to subject the claimant to a penalty for perjury. Id. at 651. The answer in *Miller* was also deficient for failing to comply with various requirements of OCGA § 16-13-49 (o) (3) (D).

The verification in *Miller* was clearly improper. There was no indication in that case that the verification was under oath or that it was executed before a notary public, and the claimant's representation that the answer was accurate was equivocal. For these reasons, the verification in *Miller* did not comply with the statute. Nonetheless, the language in *Miller* which implied that a verification under OCGA § 16-13-49 (o) (3) must contain the mandatory perjury language or explicitly subject the claimant to a penalty for perjury is hereby disapproved.

2. Dearing and Edmondson also claim that the court erred in finding that their answers failed to state with the requisite particularity the items mandated under OCGA § 16-13-49 (o) (3).

OCGA § 16-13-49 (o) (3) requires that an answer stating a claim to property subject to forfeiture satisfy not only the general pleading rules applicable to all civil actions, but must also specifically set forth the following: (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of OCGA § 16-13-49 relied on in asserting that the property is not subject to forfeiture; and (F) All essential facts supporting each assertion.

(Citation and punctuation omitted.) *Knodel v. State of Ga.*, 222 Ga. App. 514, 515-516 (474 SE2d 700) (1996). See also *Tuggle v. State of Ga.*, 224 Ga. App. 353, 354 (1) (480 SE2d 353) (1997).

"The intent of the General Assembly when it enacted OCGA § 16-13-49 was twofold: to protect the interest of innocent property owners and to provide for prompt disposition of contraband property. [Cit.]" *Howard v. State of Ga.*, 223 Ga. App. 323, 325 (477 SE2d 605) (1996). And, while compliance with the strict pleading requirements is necessary, these requirements must be interpreted reasonably. *Harris v. State*, 222 Ga. App. 267, 268 (474 SE2d 201) (1996).

Applying these requirements to the answers here, we conclude that the answer which Edmondson filed was sufficient and the court erred in dismissing it. Edmondson's answer provided the caption of the proceedings as set forth in the complaint and the name of the claimant; the address at which he accepts mail; the nature and extent of his interest in the property (i.e., the rifle); the date, identity of transferor, and circumstances of his acquisition of the rifle; the specific provisions of OCGA § 16-13-49 relied on in asserting that it was not subject to forfeiture; the essential facts supporting his assertions; and the relief he sought. In stating that his father gave him the rifle around Christmas 1992, Edmondson asserted specific facts of his ownership and not mere conclusory allegations. In fact, it is difficult to imagine further specifics Edmondson could have provided regarding his acquisition of the rifle. See generally *Williams v. State of Ga.*, 222 Ga. App. 270 (474 SE2d 98) (1996).

The answer Dearing filed is more problematic. On the one hand, Dearing set forth many of the items required under OCGA § 16-13-49 (o) (3). In addition to her address and the defenses she asserted under the statute, Dearing claimed that she earned the money doing housecleaning and listed four specific customers. Nevertheless, Dearing failed to include the date or period of time during which she earned the money, as required by OCGA § 16-13-49 (o) (3) (D). She did not offer any specifics regarding the method of payment for her work, nor did she set forth any information regarding the amount of

housecleaning she did to earn $2,100. Dearing argues that she could not remember the specifics of the money transfer, given the six months between the seizure and the filing of her answer, but we find this explanation unsatisfactory. See *State of Ga. v. Miller*, 234 Ga. App. at 651 (answer setting forth claim to money earned from taxicab service on October 31, 1997, which did not identify the transferors by name and did not list the amounts allegedly obtained from each was deficient); *Tuggle v. State of Ga.*, 224 Ga. App. at 355 (answer which stated only that the currency represented "'money saved from numerous jobs,'" was insufficient); *Howard v. State of Ga.*, 223 Ga. App. at 324 (answer which did not set forth any of the specifics listed in the statute was insufficient). Compare *Dennis v. State of Ga.*, 224 Ga. App. 11 (1) (479 SE2d 380) (1996) (answer which failed to specify date or transferor for various household furnishings was sufficient because of extraordinary hardship of requiring owners to supply this information); *Harris v. State of Ga.*, 222 Ga. App. at 268 (answer which outlined dates of acquisition of money, along with the sources and circumstances of acquisition, was sufficient). Accordingly, the answer Dearing filed was insufficient to satisfy the requirements of OCGA § 16-13-49 (o) (3).

3. We also reject Dearing's argument that the trial court erred in ruling on the State's motion to dismiss within 15 days, as opposed to the 30-day period required by Uniform Superior Court Rule 6.2. Assuming without deciding that these rules apply to these proceedings,[4] this rule did not require that the court wait 30 days before ruling on the instant motion. Where evidence is not required, a court has the discretion to rule on a motion to dismiss before the 30 days required by USCR 6.2 expires. *Phillips v. McCroskey*, 234 Ga. App. 87, 88 (2) (506 SE2d 388) (1998). The motion in this case addressed the insufficiency of the answers filed under the strict requirements of OCGA § 16-13-49, and thus no evidence was necessary. As stated above, this statute sets forth a strict timetable and specific pleading requirements regarding factual information that must be included in claims or answers filed by those claiming interests in seized property. *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b) (444 SE2d 76) (1996).

Further, there is no argument here that Dearing was improperly barred from filing an amendment to her answer. See *Rojas v. State of Ga.*, 269 Ga. at 122-124 (2). In fact, almost three weeks after the court's order dismissing her answer was entered, Dearing filed a motion for reconsideration in which she argued that her answer was

---

[4] But when in conflict with substantive law, the Uniform Superior Court Rules yield to substantive law. *Coastal Plains Trucking Co. v. Thomas County Fed. Sav. &c. Assn.*, 224 Ga. App. 885, 887 (482 SE2d 493) (1997). In the context of OCGA § 16-13-49, we are also mindful of the substantive legislative goal of expediting the proceedings.

sufficient; she made no attempt at that time to amend her previously filed answer. See *Waters v. State of Ga.*, 239 Ga. App. 897 (522 SE2d 493) (1999).

Accordingly, the judgment is affirmed with respect to the property Dearing claims; with respect to Edmondson, the judgment of forfeiture is reversed and the case remanded for a hearing within 60 days after receipt of the remittitur. See OCGA § 16-13-49 (o) (5).

*Judgment affirmed in part and reversed in part. Johnson, C. J., McMurray, P. J., Andrews, P. J., Blackburn, P. J., Smith, Ruffin, Eldridge, Barnes, Miller, Ellington and Phipps, JJ., concur.*

DECIDED MARCH 28, 2000.

*Glyndon C. Pruitt*, for appellants.

*Lydia J. Sartain, District Attorney, E. Paul Stanley, Assistant District Attorney,* for appellee.

