## A04A2321. HOLMES v. STATE OF GEORGIA.
### (608 SE2d 325)

MILLER, Judge.

Acting pro se, Tyron Holmes appeals from the trial court's order striking his answer to a complaint filed in a civil forfeiture case brought by the State. Among Holmes's several enumerations are claims that the trial court should have held a hearing prior to the forfeiture of the property and the allegation that the court erred in denying the motion for summary judgment. We discern no error and affirm.

The State filed a complaint seeking forfeiture of several items of personal property seized as a result of a search warrant executed on property shared by Holmes and three other individuals. Holmes answered, claiming that he "had purchased some items through his job, gifts, income tax monies and monies he received from payment on an automobile," and that a "1996 Chevrolet Tahoe was purchased with insurance money." The State moved to strike the answer on the ground that it was insufficient in that it did not comply with OCGA § 16-13-49 (o) (3). The State subsequently withdrew any claim to the 1996 Chevrolet Tahoe and released it to Holmes. The trial court dismissed the State's claim to the Tahoe (noting that the State had withdrawn its claim to the vehicle), granted the State's motion to strike Holmes's answer, and ordered that the remaining property be forfeited to the State.

1. Holmes argues that the trial court erred by failing to hold a hearing following the filing of his answer. OCGA § 16-13-49 (o) (5) provides that "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." Here, Holmes's answer was insufficient in that it did not comply with OCGA § 16-13-49 (o) (3). The answer was not verified, and was further inadequate in that it failed to set forth: (1) the nature and extent of Holmes's interest in the property taken; (2) the date, identity of the transferor, and circumstances of his acquisition of the interest in the property; (3) the provision of the Code section relied on in asserting that the property is not subject to forfeiture; and (4) the precise relief sought. See OCGA § 16-13-49 (o) (3) (C), (D), (E), (G); *Jones v. State*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000). Holmes's answer only asserted that he purchased some items with earned money and by other means, and that the Tahoe was purchased with insurance money. Thus the trial court did not err in striking Holmes's answer. In the absence of a sufficient answer, the court was not required to hold a hearing pursuant to OCGA § 16-13-49 (o) (5). See *Owens v. State*, 241 Ga. App. 140 (3) (525 SE2d 150) (1999).

2. Since the trial court properly struck Holmes's answer, his remaining enumerations concerning the denial of his motion for summary judgment and concerning various personal items forfeited are moot. See *Jones*, supra, 241 Ga. App. at 770 (4).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 13, 2004.

Tyron M. Holmes, *pro se.*

Fredric D. Bright, District Attorney, Alberto C. Martinez, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Marie R. Banks, Assistant Attorney General, for appellee.