### A05A1937. PORTEE v. STATE OF GEORGIA.
(627 SE2d 63)

BERNES, Judge.

Pro se claimant Anthony Leroy Portee appeals from the order entered by the Superior Court of Clayton County striking his answer under OCGA § 16-13-49 (o) (3) in this civil in rem forfeiture action. For the reasons set forth below, we affirm.

The record reflects that the State filed a verified complaint for forfeiture pursuant to OCGA § 16-13-49 (o) (1) in order to recover, inter alia, a 1999 Ford Taurus seized by the Clayton County Drug Enforcement Task Force that allegedly was used to transport approximately five kilograms of cocaine. Portee, the owner of the vehicle, was served personally on October 19, 2004. Proceeding pro se, Portee filed his answer on November 2, 2004.

The State subsequently filed its motion to strike Portee's answer on the grounds that it had not been verified and failed to comply with the specific pleading requirements imposed by OCGA § 16-13-49 (o) (3). On March 30, 2005, the trial court held a hearing on the State's motion. The trial court entered an order granting the State's motion on April 6, 2005. On that same date, the trial court entered a separate order entering judgment and forfeiting the vehicle to the State.

On appeal, Portee asserts 11 enumerations of error. As an initial matter, we point out that Portee has failed to comply with the rules of this Court by not including a statement of how he preserved his alleged errors for appeal. See Court of Appeals Rule 25 (a) (1). Failure to abide by the rules of this Court can subject an appeal to dismissal without further review. See Court of Appeals Rule 7. Nevertheless, because Portee is appealing pro se, we will exercise our discretion and proceed to review his claims of error to the extent possible given the limited record before us. See *Finch v. Brown*, 216 Ga. App. 451, 452 (454 SE2d 807) (1995).[1]

1. In a civil in rem forfeiture action, a claimant's answer must be "in strict compliance with the special pleading requirements of [OCGA] § 16-13-49 (o) (3)." *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (b) (444 SE2d 76) (1994). Among other requirements, "[a]n answer

---

[1] Many of Portee's enumerations of error are vague and substantively overlap with other enumerations. Thus, we have grouped many of Portee's enumerations together for purposes of our analysis.

must be verified by the owner or interest holder under penalty of perjury." OCGA § 16-13-49 (o) (3). If the claimant fails to properly verify his answer in the first instance or later amend it to correct the deficiency, the trial court is entitled to strike the answer and enter a judgment of forfeiture in favor of the State. See *Rojas v. State of Ga.*, 269 Ga. 121, 123-124 (2) (498 SE2d 735) (1998); *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000).

(a) Portee does not contest the fact that his answer did not contain a verification as required by OCGA § 16-13-49 (o) (3). Rather, he appears to contend that the State placed certain impediments in his way that prevented him from getting his answer verified, and which should have resulted in the trial court granting him a continuance so that he would have additional time to file a verification. Specifically, Portee asserts that while he was incarcerated on related criminal charges, personnel at the Clayton County Detention Center refused to provide him with access to a notary public and failed to allow him access to the law library to research the requirements for an answer. However, Portee does not provide any citations to the record to support these assertions; instead, he cites to several exhibits that he attached to his appellate brief but which do not appear in the record transmitted by the trial court. There is no transcript of the hearing on the State's motion included in the record on appeal, and there are no affidavits or documentary evidence otherwise contained in the record that relate to Portee's assertions.

"A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999). Portee has failed to carry his burden of showing error. "[E]xhibits attached to an appellate brief but not appearing in the record transmitted by the trial court cannot be considered by this court and afford no basis for reversal." (Citation omitted.) *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997). And, "when a portion of the record which is necessary for our determination of one or more appellate issues is not before the court, the trial court's express or implicit ruling as to those issues must be affirmed." *Gill v. B & R Intl.*, 234 Ga. App. 528, 531 (1) (c) (507 SE2d 477) (1998). Accordingly, Portee's claim of error fails.[2]

---

[2] Given the record before us, we are constrained to hold that the trial court properly denied Portee a continuance to obtain a proper verification. However, the exhibits attached to Portee's appellate brief (which are not found in the record) could be construed as supporting his claim that he was denied proper access to the detention center law library and to basic legal resources such as a notary public. When an inmate claims that he was denied all access to a jail law library or jail legal resources during the course of litigation and that the denial prevented him from meeting procedural deadlines or from submitting proper pleadings, the claim is a serious one

(b) Portee also appears to concede that he never filed an amendment to his answer to insert a verification, emphasizing that he did not know that a claimant could amend his answer to cure such a defect. However, in several enumerations of error, Portee contends that because he was a pro se claimant, either the State or the trial court should have advised him that under the applicable procedural rules, he could amend his answer as of right to correct the deficiency. We disagree. A forfeiture action is a civil proceeding, see *Sanders v. State of Ga.*, 259 Ga. App. 422, 425 (2) (577 SE2d 94) (2003), and so neither the State nor the trial court was required to provide Portee with legal counsel or advice. See *Finch*, 216 Ga. App. at 452 (3).

Despite Portee's apparent concession that he never amended his answer, we note from our review of the record that Portee's response to the State's motion to strike did contain a purported verification that stated: "The facts stated are true to the best of my knowledge." Yet, even if Portee's pro se response is liberally construed as an amended answer, the answer remains deficient because the verification was not made under oath, was not executed before a notary public, and contains a representation that is equivocal at best. See *Dearing v. State of Ga.*, 243 Ga. App. 198, 201 (1) (532 SE2d 751) (2000).

2. In several enumerations of error, Portee argues that the State failed to substantively prove its forfeiture claim and violated his constitutional rights in its seizure of his vehicle. However, at the pleadings stage of the proceedings, the State was only required to make out a prima facie case for civil forfeiture based on the allegations of its complaint. *Howard v. State of Ga.*, 223 Ga. App. 323, 323-324 (477 SE2d 605) (1996). Here, the State clearly met this requirement by alleging that the 1999 Ford Taurus was used to transport approximately five kilograms of cocaine, had been used to facilitate a violation of the Georgia Controlled Substances Act, and had been in close proximity to cocaine. See id. At that point, the burden shifted to Portee as a claimant of the vehicle to file an answer that complied with all of the special pleading requirements of OCGA § 16-13-49 (o) (3), including the verification requirement. See id. This, he failed to do. Therefore, the asserted claims of error provide no basis for reversal.

3. Portee further contends that the State's complaint should have been dismissed because an evidentiary hearing on the merits of the forfeiture claim should have been held within 60 days of the service

---

and should be carefully considered by the trial court. See generally *Bounds v. Smith*, 430 U. S. 817 (97 SC 1491, 52 LE2d 72) (1977). If the trial court determines that the inmate has proven his claim of denied access, the trial court should take remedial measures designed to ensure that procedural fairness is afforded the inmate.

of the complaint under OCGA § 16-13-49 (o) (5). We disagree. OCGA § 16-13-49 (o) (5) provides that "[i]f an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." Significantly, the Supreme Court of Georgia has held that "the 60-day requirement of [OCGA] § 16-13-49 (o) (5) is dependent upon the filing of an answer in strict compliance with the special pleading requirements of [OCGA] § 16-13-49 (o) (3)." *Alford*, 264 Ga. at 245 (2) (b). Accordingly, because Portee's answer was not in strict compliance with the special pleading requirements, the 60-day hearing requirement did not have to be met in this case.[3]

4. Portee also argues, without elaboration and without citation to the record, that he "was denied due process of his rights to a fair impartial trial and his right to present evidence on his behalf." To the extent that Portee is arguing that he was entitled to a hearing on the substantive merits of the State's forfeiture claims, his argument is unpersuasive because his answer was properly stricken, as discussed above. To the extent that Portee is arguing that the hearing held on the State's motion to strike was conducted in an unfair manner, we cannot review his argument and must presume that the proceedings occurred in the proper fashion because the transcript of the hearing has not been included in the record on appeal. *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005).

5. Finally, Portee asserts that he "never received any notice of docketing, court proceedings, Judge presiding over case, or hearing dates" and was never advised "that he was to represent himself." However, he provides no citations to the record to support these assertions, and we have found no affidavits, testimony, or documentary evidence in the record that would support them. Hence, this enumeration of error lacks merit.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 23, 2006 —
RECONSIDERATION DENIED FEBRUARY 9, 2006.

Anthony L. Portee, *pro se.*
*Jewel C. Scott, District Attorney, Tiffany C. Boulware, Assistant District Attorney*, for appellee.

---

[3] Likewise, Portee's argument that the trial court should have conducted a probable cause hearing is without merit because such a hearing is required only when, inter alia, the claimant of the property has "compl[ied] with the requirements for an answer to an in rem complaint." OCGA § 16-13-49 (q) (4).