## A10A0017. GRANT v. STATE OF GEORGIA.
(695 SE2d 420)

ADAMS, Judge.

Anthony Grant appeals the trial court's order striking his Answer to a Complaint for Forfeiture filed by the State in connection with the seizure of $60,020 in cash.

A related matter recently came before this Court in *Grant v. State of Ga.*, 302 Ga. App. 739 (691 SE2d 623) (2010) ("*Grant I*"). There, Grant appealed the trial court's order denying his motion to set aside and re-enter a March 4, 2009 order denying his application for return of the $60,020 (the "March 4 order"). In *Grant I*, this Court set out the facts and procedure underlying this matter as follows:

> The record shows that Captain Terry Wright with the Glynn County Police Department's Narcotics Enforcement Team received information from an anonymous caller concerning Grant's alleged drug distribution activities in Liberty, McIntosh and Glynn counties. On January 4, 2009, the same caller informed Captain Wright that Grant would be traveling from McIntosh County to Glynn County in a silver rental vehicle and in possession of a kilogram of cocaine and some currency. On that same day, a Glynn County patrol officer observed the subject rental vehicle traveling on Highway 17, and another patrol officer subsequently stopped the rental vehicle driven by Grant for weaving. After another officer brought a drug dog to the scene, the drug dog alerted on the vehicle. Police officers searched the rental vehicle and discovered $60,020 concealed in the back seat, wrapped in aluminum foil in separate bundles. Grant denied ownership of the concealed money and only claimed ownership of $3,000 in the glove compartment of the car, which was returned to him.
>
> On January 14, 2009, Grant filed an application for the return of property to recover the $60,020 in cash seized by Glynn County police ("application"), contending that the police had illegally seized his money; that the search was illegal; and there was no pending forfeiture action filed by the State. See OCGA § 16-13-49 (q) (4). The trial court held a hearing on Grant's application on February 17, 2009, and by order dated February 25, 2009, it determined that probable cause existed for seizure of the concealed funds. This order was filed on March 4, 2009, yet the record does not indicate that counsel for the parties were served with a copy of the order.

On April 21, 2009, Grant filed a motion to set aside and re-enter [the March 4] order, asserting that the trial court failed to comply with OCGA § 15-6-21 (c), as he did not receive a copy of the order denying his application ("application order").

*Grant I*, 302 Ga. App. at 739-740. Subsequently, on May 28, 2009, the trial court denied Grant's motion to set aside. In *Grant I*, this Court found that the trial court failed to address the issue of compliance with OCGA § 15-6-21 (c) as raised in the motion and further failed to enter the findings necessary for this Court to consider that issue on appeal. Accordingly, the Court vacated the May 28 order and remanded the case to the trial court "with direction that it make the necessary findings." *Grant I*, 302 Ga. App. at 742.

This appeal arises out of a Complaint for Forfeiture filed on February 26, 2009, to which Grant filed an answer on March 16, 2009. Although the State intended its complaint to be filed in the same action as Grant's application, somehow the forfeiture complaint was assigned a separate case number and was assigned to a different judge.[1] On April 16, 2009, at the State's request, the forfeiture action was assigned to the same judge who presided over the original action involving Grant's application.

The newly assigned judge set a hearing for April 28, 2009, on the Complaint for Forfeiture. In the interim, on April 22, Grant filed a motion to recuse the judge, although he apparently had not objected to her presiding over the action involving his application. The trial judge began the April 28 hearing by denying the motion to recuse from the bench, finding it to be untimely and without merit. The State then made a motion to strike Grant's answer in the forfeiture action on the ground that it was not verified as required under OCGA § 16-13-49 (o) (3). The trial court granted that motion and orally denied Grant's motions for a continuance, to dismiss the forfeiture complaint and to amend his answer with a handwritten verification. The trial court entered a written order the same day finding that Grant's answer in the forfeiture action was legally insufficient because it was not verified. The trial court granted the State's motion to strike the answer and ordered that the $60,020 be forfeited to the State.[2] The motion also stated that because there was no legally sufficient answer, "the Court will not hear any motions."

---

[1] The State's Complaint for Forfeiture bears the same number as Grant's original action, but someone crossed that number out and handwrote a new number over it. A similar alteration appears on the Acknowledgment of Service and Waiver signed by Grant's counsel.

[2] "If the claimant fails to properly verify his answer in the first instance or later amend it to correct the deficiency, the trial court is entitled to strike the answer and enter a judgment of forfeiture in favor of the State." *Portee v. State of Ga.*, 277 Ga. App. 536, 537 (1) (627 SE2d

Grant filed a notice of appeal the next day, April 29, 2009, from the trial court's April 28 order and "the oral rulings made by the trial court during the hearing." Later, on May 8, 2009, the trial court entered a written order denying the motion to recuse, finding it to be meritless but not addressing the timeliness of the motion.

1. Grant asserts that the trial judge erred in acting upon the case while a motion to recuse was pending in violation of Uniform Superior Court Rule (USCR) 25.3,[3] which provides:

> When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, *the judge shall temporarily cease to act upon the merits of the matter* and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. . . .

(Emphasis supplied.) He argues that the transcript of the April 28 hearing reveals that the trial court failed to make the requisite findings. Additionally, he argues that because the trial court's April 28 written order indicates that it would not hear any motions, no ruling was actually made on the motion to recuse at the April 28 hearing. Thus, he asserts that the trial court acted improperly in considering the State's motion to strike without first ruling on the motion to recuse.

We find these arguments to be without merit. The trial court clearly ruled on the motion to recuse at the April 28 hearing, and she made that ruling before proceeding to hear argument on other matters. USCR 25.3 requires that upon receipt of a motion to recuse, a trial court must temporarily cease to act upon the merits and immediately "determine" (1) if the motion is timely; (2) if the affidavit is legally sufficient; and (3) if the facts in the affidavit were true, whether recusal would be warranted. It is only if the trial court finds in the movant's favor as to all three of these factors that the motion must be transferred to another judge for consideration.

63) (2006).

[3] Grant actually argues in his appellate brief that the trial court violated USCR 25.2, but that rule sets out the requirements for the affidavit that must accompany a motion to recuse and does not impose any requirements upon the trial court. We will assume that Grant actually meant to cite to USCR 25.3.

Stated another way, if the trial court determines any one of these factors in the nonmovant's favor, then the motion to recuse properly may be denied.

It is clear from the April 28 hearing transcript that the trial court found in the State's favor as to two of these factors. First, the trial court determined that the motion was untimely. Although Grant asserted in his brief supporting the motion to recuse that his motion was timely under the circumstances, his attorney's affidavit does not contain sufficient factual allegations to support that assertion. Grant states on appeal that his counsel did not actually learn of the reassignment until April 20, and thus he contends that the April 22 motion met the five-day time requirement of USCR 25.1.[4] But his counsel's affidavit does not address the date upon which counsel first learned of the case's reassignment to the trial judge. It only addresses the date when counsel became aware of the April 28 hearing. The order transferring the case was signed on April 15 and entered on April 16,[5] while the motion to recuse was filed more than five days later on April 22. Accordingly, Grant's affidavit did not establish the timeliness of the motion on its face.

Nevertheless, even assuming that Grant could establish that his motion was timely, the trial court also found against Grant on a second factor. She determined that the facts upon which Grant relied for the motion, as set forth in his counsel's affidavit, did not warrant recusal. The affidavit stated, in pertinent part:

> I subscribe to The Brunswick News. I recalled reading some articles about how [the judge] had been instrumental in securing funding for the drug court. I know from personal knowledge that she is heavily invested in the drug court, so I went online and found the attached articles which were printed in the local newspaper. I have underlined some portions. The underlined portions of the three attached articles, dating between August 2007 and February 2009, indicated that funding for the local drug court, which the

---

[4] Under USCR 25.1, a recusal motion accompanied by an affidavit must be filed and presented to the judge "not later than five (5) days after the affiant first learned of the alleged grounds for disqualification, and not later than ten (10) days prior to the hearing or trial which is the subject of the recusal or disqualification, unless good cause be shown for failure to meet such time requirements."

[5] Although Grant asserts in his reply brief on appeal that "[t]he record on appeal shows that the trial court failed to comply with OCGA § 15-16-21 (c) in that the order of reassignment was not served on" him, he provides no record citation in support of that assertion and we find nothing in the record to support it. Grant certainly did not argue below that he was not properly served with the transfer order as he did with regard to the Rule Nisi order, nor did he file a motion to set aside as he did in response to the March 4 order.

trial judge oversees, had been cut; that the judge had asked the county commission for help in securing federal and state funds for the drug court; that some of the drug court's funding comes from "fees from participants;" and that earlier the county commission had accepted a state grant to help fund the court.

Although the trial judge did not specifically reference the affidavit, she stated that Grant's counsel had raised matters that were not connected to the issues in this case. She indicated that the funding of the drug court was not connected with the $60,000 and that the money would not be going to the drug court. Although Grant argued that the trial judge's interest in funding the drug court creates the appearance of impropriety when she presides over forfeiture cases, we cannot say that the trial judge abused her discretion in denying the motion to recuse on this ground.[6] Grant failed to establish a sufficient connection between the monies obtained through forfeiture and the funding of the drug court to raise an issue regarding the appearance of impropriety.[7] "It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious." (Citation and punctuation omitted.) *Ga. Kidney & Hypertension Specialists v. Fresenius USA Marketing*, 291 Ga. App. 429, 431 (1) (662 SE2d 245) (2008).

Having made her determinations on the record and having denied the motion, the trial judge could properly rule on the State's motion to strike without violating USCR 25.3.

2. Grant next asserts that his April 29 notice of appeal deprived the court of jurisdiction to enter its written order of May 8 denying the motion to recuse.

OCGA § 5-6-46 (a) provides that the filing of a notice of appeal serves as supersedeas when all costs in the trial court are paid. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the

---

[6] This Court reviews the denial of a motion to recuse for abuse of discretion. *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000).

[7] The distribution of such funds is mandated by statute, which requires that the proceeds first be passed through local law enforcement agencies up to an amount equal to one-third of the local funds appropriated for such agencies. Any remaining funds are distributed by the local governing authority, not the courts, for a variety of law enforcement purposes, only one of which is "for drug treatment, rehabilitation, prevention, or education or any other program which responds to problems created by drug or substance abuse." OCGA § 16-13-49 (u) (4) (D) (i) & (ii).

> case pending the appeal. Therefore, any subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.

(Citation and punctuation omitted.) *Lawyers Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 729 (1) (691 SE2d 633) (2010).

> On the other hand, matters which are independent of and distinct from the [questions involved in the] appeal remain within the jurisdiction of the trial court. The notice of appeal does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal.

(Citation and punctuation omitted.) *Davis v. Harpagon Co.*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006). See also *Cohran v. Carlin*, 249 Ga. 510, 511 (291 SE2d 538) (1982).

We cannot say in this instance that the motion to recuse was independent and distinct from this appeal, as the trial court was required to rule on that motion before addressing the motion to strike and we were required to consider that issue on appeal. Accordingly, to the extent that the May 8 order purports to supplement, amend, alter or modify the trial court's oral ruling, it is void as a matter of law. See *Lowe v. Center Neurology Assoc.*, 288 Ga. App. 166, 168 (1) (653 SE2d 318) (2007). And we decline Grant's invitation to review the merits of the written order "for the sake of judicial economy." The order is void and further because it was entered after the filing of the notice of appeal, Grant cannot enumerate it as error in this appeal. See *Bloomfield v. Bloomfield*, 282 Ga. 108, 112 (5) (646 SE2d 207) (2007).

3. Grant also argues that the trial court erred in failing to allow him to amend his answer with a handwritten verification at the April 28 hearing. Although the State first put Grant's attorney on notice that Grant's answer could be legally insufficient by letter dated April 10, 2009, Grant made no attempt to amend the answer until the April 28 hearing. Pretermitting whether his request to amend at the hearing was timely, we find that Grant has failed to establish that the proffered verification would have met the requirements of OCGA § 16-13-49 (o) (3), which mandates verification by "the owner or interest holder under penalty of perjury." This Court has previously found that such a requirement is met by having the verification signed under oath and before a notary public. See *Dearing v. State of Ga.*, 243 Ga. App. 198, 201 (1) (532 SE2d 751) (2000). Here, Grant's counsel handwrote the proposed verification during the hearing and

no copy is contained in the appellate record[8] to show that it was made under penalty of perjury. Because Grant has not established that his proffered amendment would have cured the defect in his prior pleading, he has failed to demonstrate that he was harmed by the trial court's failure to allow such an amendment.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 20, 2010.

*Vincent D. Sowerby*, for appellant.
*Clara E. Bucci*, for appellee.

---

[8] Although the trial court refused to accept Grant's tender of the verification on the ground that it was too late, Grant nevertheless could have perfected the record through a post-hearing motion.