## A10A0941. STATE OF GEORGIA v. HUFF.
(702 SE2d 450)

MILLER, Chief Judge.

Following a hearing, the trial court denied the State's complaint for forfeiture of $1,270 seized from the residence of Roy Lee Huff. The State appeals, arguing that because its pleadings were sufficient and Huff's answer was insufficient under the forfeiture statute, OCGA § 16-13-49, the trial court erred in denying the State's motion to dismiss the answer. The State claims that the court further erred in going forward with the hearing and in denying the forfeiture action against the property. The State also maintains that the trial court made clearly erroneous findings of fact in support of its ruling. We reverse because Huff's answer was not legally sufficient and find, for this reason, the State is entitled to the property seized.

The State filed a forfeiture complaint against approximately 21 grams of cocaine, 227 grams of marijuana, and $1,270 in United States currency seized from Huff's residence and served process on Huff and his wife, Shenette Huff. Huff answered and asserted a claim to the currency, which he contended was from the sale of a set of tire rims and not derived from a violation of the Georgia Controlled Substances Act.

The trial court, after finding various defects in the State's complaint, ordered the State (i) to amend its complaint to set out as defendant in rem each and every item seized and to attach omitted

---

exhibits, and (ii) to properly verify its complaint. The trial court also ordered Huff to verify his answer. The State filed an amended complaint and verification.

At the hearing, the State moved to dismiss Huff's answer, which remained unverified, on the grounds that the answer failed to meet the specific requirements of OCGA § 16-13-49. The trial court denied the motion, and, following a hearing, entered its written order denying the State's complaint for forfeiture. In doing so, the trial court noted that Huff had waived his claim in favor of his wife and ordered the money delivered to Ms. Huff.

1. In its written order, the trial court explained that it denied the State's motion to dismiss Huff's unverified answer because the State had similarly failed to submit a proper verification. The State contends the trial court erred in finding that it had not properly verified its complaint. We agree.

This claim presents a question of law, which we review de novo. See *Atlanta Women's Health Group v. Clemons*, 299 Ga. App. 102 (681 SE2d 754) (2009).

Under the forfeiture statute, the State is required to verify its complaint "on oath or affirmation by a duly authorized agent of the state in a manner required by the laws of this state." See OCGA § 16-13-49 (o) (1). Here, the officer's verification contains the qualification that the facts within the complaint are "true and correct to the best of my belief." The trial court found that the inclusion of the qualifying language rendered the verification defective. See, e.g., *Keyser v. Allied Holdings*, 266 Ga. App. 192, 193 (1) (596 SE2d 713) (2004) (facts alleged in complaint were only verified to be true and correct to affiant's belief; complaint was unsworn and therefore of no evidentiary value). We have previously held, however, that an averment by an agent of the State that the allegations within a forfeiture complaint are true and correct to the best of his knowledge and belief is a proper verification. *Jones v. State of Ga.*, 241 Ga. App. 768, 770 (3) (527 SE2d 611) (2000); *Chester v. State of Ga.*, 168 Ga. App. 618, 620 (2) (309 SE2d 897) (1983). "The requirements of the specialized, forfeiture statute ordinarily prevail over the more general requirements of the Civil Practice Act." *Jones*, supra, 241 Ga. App. at 770 (3). It follows that the State's verification was sufficient.

2. The State further argues that because Huff's answer failed to comply with the requirements of OCGA § 16-13-49 (o) (3), the trial court was without authority to deny the State's motion to dismiss the answer. Again, we agree.

We review a trial court's ruling on a motion to strike an answer for abuse of discretion. See *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816, 819 (640 SE2d 343) (2006).

Among other things, "[a]n answer must be verified by the owner or interest holder under penalty of perjury." OCGA § 16-13-49 (o) (3). Huff's answer was not verified. A claimant may amend an answer in a forfeiture proceeding. *Rojas v. State of Ga.*, 269 Ga. 121, 123 (2) (498 SE2d 735) (1998). Here, however, Huff never verified his answer notwithstanding that the trial court notified him of the defect and ordered him to correct it. See *Grant v. State of Ga.*, 304 Ga. App. 133, 138 (3) (695 SE2d 420) (2010) (trial court properly struck claimant's answer as the proffered amendment would not have cured claimant's failure to meet the verification requirement of OCGA § 16-13-49 (o) (3)); *Portee v. State of Ga.*, 277 Ga. App. 536, 537 (1) (627 SE2d 63) (2006) (where claimant did not properly verify his answer or amend it to correct the deficiency, the trial court did not err in striking the answer).

The forfeiture statute's hearing requirement is founded on the filing of a legally sufficient answer. See OCGA § 16-13-49 (o) (5). "To hold otherwise would place upon the State the burden of conducting discovery to determine not only the claimant's standing and interest in the property but also that of any other interested party." *State of Ga. v. Alford*, 264 Ga. 243, 246 (2) (b) (444 SE2d 76) (1994). Huff's legally insufficient answer was not an answer for purposes of the forfeiture statute, and the trial court abused its discretion in denying the State's motion to dismiss the answer and in proceeding with the hearing. "Failure to comply with the strict pleading requirements prescribed in OCGA § 16-13-49 [(o) (3)] when answering an in rem forfeiture petition is equivalent to filing no answer at all." (Citations and punctuation omitted.) *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355 (1) (480 SE2d 353) (1997). See *Howard v. State of Ga.*, 223 Ga. App. 323, 325 (477 SE2d 605) (1996) (same). In light of this conclusion, we need not address the State's other claims of error.

*Judgment reversed. Johnson, J., concurs. Phipps, P. J., concurs in the judgment only.*

DECIDED OCTOBER 13, 2010.

*Gwendolyn Keyes Fleming, District Attorney, William T. Sakrison, Assistant District Attorney*, for appellant.
Shenette Huff, *pro se*.