**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 22, 2013**

# In the Court of Appeals of Georgia

A13A0723. HOWARD et al v. STATE OF GEORGIA.

BARNES, Presiding Judge.

Steven Jerome Howard and Monica Shanta Mosley appeal the trial court's order striking their answers to the complaint in the underlying forfeiture proceeding. Howard and Mosley contend that the trial court erred in failing to afford them an opportunity to amend their answers so as to provide the verification required by law. Discerning no error by the trial court, we affirm.

The State of Georgia filed an in rem forfeiture complaint against (i) $4,269 in U. S. Currency and (ii) a motor vehicle identified as a 2006 Ford Econoline Wagon 3500 (collectively, the "Property"). According to the complaint, the Property, which was seized in Crisp County along with approximately nine ounces of marijuana, was subject to forfeiture because it was directly or indirectly used to facilitate a violation

of OCGA § 16-13-30, or constituted proceeds derived or realized from a violation of OCGA § 16-13-30. The State identified Howard, Mosley, and Chealsia N. Dickerson[1] as the owners or interest holders of the Property.

Mosley was served with the complaint on May 25, 2012, and she filed an answer on June 8, 2012. In her answer, Mosley asserted, among other things, that she owned the Econoline Wagon and that she was an innocent property owner. Service was returned "non est" on Howard, but he filed an answer on June 20, 2012. Howard contended in his answer that, among other things, he was the lawful owner of $966 of the Property, and that the $966 was exempt from forfeiture. Howard and Mosley filed their answers pro se. Neither answer was verified.

Howard and Mosley subsequently moved for summary judgment. The State filed a cross-motion for summary judgment and, contemporaneously therewith, moved to dismiss Howard's and Mosley's pleadings on the ground that, among other things, their answers were not verified as required by law. Following a hearing,[2] the

---

[1] Dickerson did not answer the complaint and has not appealed from the trial court's order forfeiting the Property to the State.

[2] The parties agree that the trial court held a hearing on the State's motion to dismiss. The State asserts that the hearing was not transcribed, and no transcript thereof is included as part of the appellate record.

2

trial court found that neither Howard's nor Mosley's pleadings conformed to the strict pleading requirements of OCGA § 16-13-49 (o) (3) and ordered that their answers be dismissed. Accordingly, the Property was forfeited to the State.

On appeal, Howard and Mosley contend that the trial court erred in failing to allow them an opportunity to amend their answers to the forfeiture complaint. We have found that failure to comply with the strict pleading requirements of OCGA § 16-13-49 in answering an in rem forfeiture complaint "is equivalent to filing no answer at all." (Citations and punctuation omitted.) *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355 (1) (480 SE2d 353) (1997). OCGA § 16-13-49 (o) (3) provides, among other things, that "[a]n answer must be verified by the owner or interest holder under penalty of perjury." This requirement may be met by having the verification signed under oath and before a notary public. See *Dearing v. State of Ga.*, 243 Ga. App. 198, 201 (1) (532 SE2d 751) (2000).

Howard and Mosley concede that their answers were not properly verified. They argue that the trial court nevertheless should have allowed them an opportunity to amend their answers as contemplated under OCGA § 9-11-15. In pertinent part, OCGA § 9-11-15 (a) provides that "[a] party may amend his pleading as a matter of

3

course and without leave of court at any time before the entry of a pretrial order." The applicable rule is that

> [a]mendments to answers in forfeiture proceedings are permitted, and they relate back to the initial answer, thus meaning that any amendment to an answer under § 16-13-49 must be considered to have been filed within the 30-day limitation of § 16-13-49 (o) (3), and must be considered in determining the legal sufficiency of a property owner's answer under § 16-13-49 (o) (3). If, however, the answer and the amendment are legally insufficient under § 16-13-49 (o) (3), then the rules established by this Court and the Court of Appeals governing the impact of a legally insufficient answer on the forfeiture proceedings come into play.

*Rojas v. State of Ga.*, 269 Ga. 121, 123-124 (2) (498 SE2d 735) (1998) (finding that the Civil Practice Act applies to forfeiture actions unless in direct conflict with the forfeiture statute).

Here, although Howard and Mosley were permitted by law to amend their answers to correct the lack of verification, they never did so, notwithstanding that the deficiency had been pointed out by the State almost two months before the hearing on the motion to dismiss. Compare *Hutto v. Plagens*, 254 Ga. 512, 513-514 (2) (330 SE2d 341) (1985) (there is no prohibition against verifying a pleading previously filed). And although they claim now that the trial court failed to afford them an

4

opportunity to amend their pleadings, they fail to show that the trial court refused to consider such an amendment or did anything to preclude or bar the filing thereof. "If the claimant fails to properly verify his answer in the first instance or later amend it to correct the deficiency, the trial court is entitled to strike the answer and enter a judgment of forfeiture in favor of the State." *Portee v. State*, 277 Ga. App. 536, 537 (1) (627 SE2d 63) (2006). See *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000) (trial court did not err in dismissing answer that was not verified and did not include information required by OCGA § 16-13-49); *Waters v. State of Ga.*, 239 Ga. App. 897 (522 SE2d 493) (1999) (finding that appellant "clearly was permitted by law to amend his answer but failed to do so"). That Howard and Mosley were pro se did not relieve them from complying with the requirements of OCGA § 16-13-49, nor impose on the State or the trial court a requirement to provide them with legal advice. See *Portee*, 277 Ga. at 538 (1) (b). Accordingly, Howard and Mosley have not shown that the trial court abused its discretion in striking their answers.[3]

*Judgment affirmed. Miller and Ray, JJ., concur.*

---

[3] See *McMeans v. DOT*, 319 Ga. App. 230, 234 (734 SE2d 412) (2012) (reviewing ruling on motion to strike answer for abuse of discretion); *Edenfield & Cox, P.C. v. Mack*, 282 Ga. App. 816, 819 (640 SE2d 343) (2006) (same).