A96A2223. JOINT VENTURE, INC. v. McDANIEL.
(481 SE2d 836)

McMURRAY, Presiding Judge.

Steven McDaniel brought an action against Joint Venture, Inc. (defendant) to recover wages and commissions he allegedly earned while employed as defendant's limousine driver. Defendant denied the material allegations of the complaint and asserted a counterclaim, alleging slander and tortious interference with business relations. After a bench trial, the trial court entered an order awarding McDaniel $2,600, plus court costs in the amount of $95. The trial court denied defendant relief on its counterclaim. Defendant filed this appeal, pro se, after the trial court denied defendant's motion for new trial. *Held*:

1. Defendant's seven enumerations of error are only supported in the argument portion of defendant's brief by general contentions regarding the evidence adduced at the bench trial and the following statement: "Appellant requests reversal of the [trial court's orders denying defendant's motion for new trial, awarding McDaniel $2,600, plus court costs in the amount of $95, and denying defendant relief on its counterclaim] on the grounds that [McDaniel] is guilty of fraud and perjury."

"Argument is defined as a reason given in proof or rebuttal, or a coherent series of reasons offered. Webster's New Collegiate Dictionary (1976). The central element is reason. The function of argument in a brief is to supply the reason why the court should support the contentions of that party." *Hartford Acc. &c. Co. v. Taylor*, 144 Ga. App. 64, 65 (240 SE2d 575). The argument portion of defendant's brief in the case sub judice contains neither reference to defendant's enumerations of error nor reasoned argument in support thereof. As

a result, there is nothing for this Court to consider and defendant's enumerations of error are deemed abandoned. See *Haskins v. Jones*, 142 Ga. App. 153 (1) (235 SE2d 630). Moreover, defendant's enumerations of error indicates that defendant could only establish by the trial transcript that the verdict and judgment were not supported by admissible evidence or that other reversible error had occurred during trial. Since defendant elected not to file a trial transcript with this appeal, we must assume the trial court's judgment was correct and affirm. *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665).

2. In the argument portion of defendant's brief, defendant asserts the following: "Appellant requests that the Court award Appellant all legal and court fees plus other related costs to defend this litigation (currently estimated at $4,500.00); plus $10,000.00 in damages for tortuous [sic] interference and pain and suffering; plus any additional punitive damages and penalties that the Court deems necessary and/or appropriate under the circumstances."

To the extent that the Georgia Court of Appeals is authorized to award damages, defendant's request for this Court to award it damages is hereby denied. See OCGA § 5-6-6 and Court of Appeals Rule 15 (b).

3. Defendant has filed a document entitled, "MOTION TO SUPPLEMENT APPELLANTS BRIEF." This document, however, requests no relief which the Georgia Court of Appeals has jurisdiction to consider. Accordingly, defendant's "MOTION TO SUPPLEMENT APPELLANTS BRIEF" is hereby dismissed.

*Judgment affirmed; motion to award damages and penalties denied. Johnson and Ruffin, JJ., concur.*

DECIDED FEBRUARY 3, 1997 —
RECONSIDERATION DENIED FEBRUARY 19, 1997 — 

Susan Weems, *pro se.*
*Lambros & Lambros, Michael G. Lambros*, for appellee.