## A02A0679. LEROY v. ATLANTA PROTECTIVE ASSOCIATES, INC.

(567 SE2d 93)

SMITH, Presiding Judge.

D. Leroy McSmith, who also signs his name as "D. Leroy," appeals pro se from the trial court's order dismissing his complaint against defendant Atlanta Protective Associates, Inc. (APA). Finding no error, we affirm.

1. APA complains, with some justification, that Leroy's brief is so minimal that "there is nothing for this Court to consider and Appellant's Enumerations of Error should be deemed abandoned." The brief, other than the cover sheet and certificate of service, consists of three partially complete pages. The entire argument comprises five sentences, with no citations to the record and only one citation of authority, to a Code section of general application. The argument contains only assertions of fact with no supporting citations or "reasoned argument in support thereof." *Joint Venture v. McDaniel*, 224 Ga. App. 716 (1) (481 SE2d 836) (1997). The enumeration of error appears to complain that the trial court failed to issue a protective order, possibly referring to Leroy's motion to compel, while the notice of appeal complains of the granting of a motion to dismiss. This brief is entirely inadequate.

"Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 27 (c) (3) (i). "Any enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." Court of Appeals Rule 27 (c) (2). "Moreover, even giving due consideration to appellant['s] pro se pleadings, enumerations of error may not be enlarged by brief on appeal to cover issues not enumerated." (Citations and punctuation omitted.) *Howard v. DeKalb County Jail Staff*, 205 Ga. App. 116, 117 (1) (421 SE2d 309) (1992). "Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Sulejman v. Marinello*, 217 Ga. App. 319, 320 (1) (457 SE2d 251) (1995).

2. To the extent that we can determine Leroy's basis for complaint, which seems to be in the nature of fraud, the record does not show that the trial court erred in dismissing his complaint for failure to state a claim upon which relief could be granted. Even under the strict standard applicable to a motion to dismiss, see *English v. Liberty Mtg. Corp.*, 205 Ga. App. 141, 142 (421 SE2d 286) (1992), Leroy's complaint does not sufficiently allege a cause of action in fraud. He appears to contend that APA offered a life insurance policy as a benefit of employment, that he provided certain unspecified "personal

information on the benefit card" in order to obtain that policy, but that he does not know if a policy was issued to him and seeks to "initiate discovery to determine if, in fact, plaintiff was ever issued a life insurance policy." He alleges that discovery will show he does not have a policy. Even if we construe these pleadings in the light most favorable to Leroy, fraud requires five essential elements: "a false representation, scienter, inducement, reliance, and injury resulting from reliance on the false representation. [Cit.] Further, fraud must be pled with particularity. OCGA § 9-11-9 (b)." *Little v. Fleet Finance*, 224 Ga. App. 498, 500 (1) (481 SE2d 552) (1997). In this case, even if Leroy's allegations are considered as true on a motion to dismiss, he has not alleged sufficient facts to make out a prima facie case. Id.

3. APA's motion for sanctions against Leroy for filing a frivolous appeal is denied.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JUNE 17, 2002.

*Smith, Gambrell & Russell, Robert P. Brown*, for appellee.