A07A1342. CARTER v. FAYETTE COUNTY.

(651 SE2d 108)

BERNES, Judge.

Anthony J. Carter, appearing pro se, filed a tax appeal in the Superior Court of Fayette County seeking review of the Fayette County Board of Tax Assessors' purported denial of a homestead exemption for his property. He later amended his appeal to add a claim against the Fayette County Building Department. The trial court dismissed Carter's tax appeal on the ground that it lacked subject matter jurisdiction over the case since Carter had failed to show that he applied for and was denied a homestead exemption and had failed to exhaust his administrative remedies under the tax appeal procedures of OCGA § 48-5-311. The trial court also dismissed Carter's claim against the Building Department. Carter appeals from the trial court's order of dismissal.[1] We discern no error and affirm.

OCGA § 48-5-311 (e) through (g) govern the appeal procedures for tax assessments and denials of homestead exemptions. The taxpayer must first file an administrative appeal with the board of equalization or submit the appeal to arbitrators. OCGA § 48-5-311 (e), (f). An adverse decision from either the board of equalization or arbitrators may then be appealed to the superior court. OCGA § 48-5-311 (g). Where, however, the taxpayer has failed to exhaust his or her administrative remedies in accordance with OCGA § 48-5-311, the superior court is without subject matter jurisdiction to decide the

---

[1] Fayette County has filed a motion to dismiss appeal, contending that Carter's notice of appeal failed to specify the judgment, ruling, or order from which he appeals as required by OCGA § 5-6-37. We disagree and deny the motion. Carter's notice of appeal states his claim regarding the "[d]ismissal" and further attaches this court's order granting his application to appeal the trial court's order of dismissal. As such, the order from which Carter appeals is apparent. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal [is not subject to dismissal and] shall be considered in accordance therewith." OCGA § 5-6-48 (f); *Johnson v. Daniel*, 135 Ga. App. 926, 926-927 (1) (219 SE2d 579) (1975). See also *Hughes v. Sikes*, 273 Ga. 804, 805 (2) (546 SE2d 518) (2001).

appeal. *Barland Co. v. Bartow County Bd. of Tax Assessors*, 172 Ga. App. 61 (322 SE2d 316) (1984).

There is nothing in the record before us to show that Carter applied for and was denied a homestead exemption or to show that he complied with the requisite tax appeal procedures.[2] Thus, we must accept the trial court's finding that Carter failed to exhaust his administrative remedies. "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation omitted.) *Strickland v. Auto-Owners Ins. Co.*, 273 Ga. App. 662, 665 (1) (615 SE2d 808) (2005). Accordingly, we affirm the trial court's dismissal of Carter's tax appeal.

We also affirm the trial court's dismissal of Carter's additional claim against the Building Department because it failed to set forth any cause of action. See *Leroy v. Atlanta Protective Assoc.*, 255 Ga. App. 849, 850 (2) (567 SE2d 93) (2002).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 9, 2007.

Anthony J. Carter, *pro se.*
*McNally, Fox & Grant, Dennis A. Davenport*, for appellee.

---

[2] The exhibits attached to Carter's appellate brief, which are not a part of the record, cannot be considered in our review. *Lamb v. Verizon Wireless Svcs.*, 284 Ga. App. 696, 698 (1) (644 SE2d 412) (2007). Fayette County's motion to strike these exhibits is therefore granted.