A11A1974. ARREOLA-SOTO et al. v. STATE OF GEORGIA.
(723 SE2d 482)

DOYLE, Presiding Judge.

In this in rem forfeiture action, David Umberto Arreola-Soto, Maria de Lourdes Garcia,[1] Ramon Mares-Esparza, DVD Concrete, Inc., and A-Z Prestige, LLC (collectively "Appellants") appeal from a judgment and order of forfeiture entered by the Clayton County Superior Court after the court struck their answer.[2] They contend that (1) the trial court erred by striking their answer, (2) the

---

[1] Maria de Lourdes Garcia sometimes is referred to as "Made Lourdes Garcia."

[2] We note that the State argues that the appeal should be dismissed because the

forfeiture was unconstitutionally excessive, and (3) the forfeiture complaint failed to adequately describe the conduct giving rise to the forfeiture. For the reasons that follow, we affirm in part and reverse in part.

The record shows that the State filed a verified complaint for forfeiture of currency and numerous items of personal property and vehicles seized by the Clayton County Sheriff's Office in connection with the execution of a search warrant while assisting the U. S. Drug Enforcement Administration.[3] The complaint alleged a conspiracy among some of the Appellants to traffic in marijuana and cocaine.

The Appellants filed an answer and counterclaim, followed by an amended answer and counterclaim filed in response to the State's motion to strike their original answer. The trial court granted the motion to strike, finding that the amended answer failed to comply with the special pleading requirements of OCGA § 16-13-49 (o) (3). The State then petitioned the court for a judgment of forfeiture, the court granted the petition and entered the judgment, and this appeal followed.

1. The Appellants first contend that the trial court erred by striking their answer. We agree in part.

"In a civil in rem forfeiture action, a claimant's answer must be in strict compliance with the special pleading requirements of OCGA § 16-13-49 (o) (3),"[4] which provides that the claimant's answer must include, among other details, facts to show "[t]he date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property."[5] This particularized information is required, in part, "so as to assure some degree of legitimacy to the claim and to elicit supportive factual information so as to expedite the proceeding."[6]

Here, the answer as amended by the Appellants includes as an exhibit a copy of the State's inventory of each item seized. The list

---

Appellants' notice of appeal failed to adequately specify the judgment, ruling, or order from which they appeal as required by OCGA § 5-6-37. Nevertheless, "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal is not subject to dismissal and shall be considered." (Punctuation omitted.) *Carter v. Fayette County*, 287 Ga. App. 175, n. 1 (651 SE2d 108) (2007). Because it is clear in this case that the appealed judgment is the forfeiture, we address the merits of the appeal.

[3] According to the State, the currency and property seized was valued at approximately $267,000.

[4] (Punctuation omitted.) *Portee v. State of Ga.*, 277 Ga. App. 536 (1) (627 SE2d 63) (2006).

[5] OCGA § 16-13-49 (o) (3) (D).

[6] *State of Ga. v. Cannon*, 214 Ga. App. 897 (449 SE2d 519) (1994) (addressing OCGA § 16-13-49 (n) (4), which contains nearly identical language to subsection (o) (3)).

contains approximately 47 items,[7] and each item on the exhibit has a handwritten entry addressing each claimant's ownership interest. For 26 entries there is a blank or no information describing the Appellants' property interest, and certain additional items are listed with only vague information including "left by a friend" or "given by a friend" with no other description. These entries clearly do not contain sufficient information to satisfy the pleading requirement under OCGA § 16-13-49 (o) (3) (D).[8] Thus, with respect to these items, the trial court did not err by dismissing the Appellants' claims.[9]

For other items, however, the claimant's ownership interest is described with the name of the transferor and a year of purchase by the claimant.[10] Although exact dates are not given, we have stated that "if a date certain cannot be given, the *time frame*" of the acquisition of the ownership interest will suffice.[11] Further, the list states the type of transfer (purchase) made to each claimant and identifies the prior owner. This information assures some degree of legitimacy to the Appellants' prima facie claim of ownership, and the answer otherwise contains factual information necessary to expedite the proceeding.

> While we are mindful of the State's argument that the pleading requirements in a forfeiture action are strict, they are not meant to be impossible. The legislative intent in enacting the forfeiture statute is not only to provide for the prompt disposition of seized property but also to protect the interests of innocent property owners. The pleading requirement must be construed to implement that intent.[12]

---

[7] Some entries contain multiple items or components.

[8] See *Edwards v. State of Ga.*, 290 Ga. App. 467, 469 (659 SE2d 852) (2008) (answer legally insufficient because descriptions were "vague and impossible to substantiate"); *State of Ga. v. Miller*, 234 Ga. App. 650, 651 (507 SE2d 521) (1998) (partial information failed to substantiate claim of ownership), disapproved on other grounds, *Dearing v. State of Ga.*, 243 Ga. App. 198, 201 (1) (532 SE2d 751) (2000). Compare *Knodel v. State of Ga.*, 222 Ga. App. 514, 516 (474 SE2d 700) (1996) (answer contained sufficient facts to create triable issue as to ownership).

[9] See *Gravley v. State of Ga.*, 285 Ga. App. 691, 694 (2) (647 SE2d 372) (2007); *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000).

[10] The answer described the claimants' ownership interest with handwritten notes in the margin of an exhibit attached to their answer, leaving much of the information facially incomplete. This is not an advisable practice, and it invites dismissal of such claims. Nevertheless, in this case, some property was described with sufficient particularity to plead an ownership interest.

[11] (Emphasis supplied.) *Howard v. State of Ga.*, 223 Ga. App. 323, 324 (477 SE2d 605) (1996).

[12] (Citation and punctuation omitted.) *Dennis v. State of Ga.*, 224 Ga. App. 11, 13 (2) (479 SE2d 380) (1996). See also *Harris v. State*, 222 Ga. App. 267, 268 (474 SE2d 201) (1996)

Therefore, under the circumstances of this case, we conclude that this information was sufficient to plead an interest in the property under OCGA § 16-13-49 (o) (3) (D),[13] and the trial court erred by striking the Appellants' answer as to these items.[14]

2. The Appellants also argue that the forfeiture was unconstitutionally excessive relative to the alleged offense. Nevertheless, this issue was not ruled upon by the trial court, because it struck the Appellants' answer. "We will not consider errors, even those of constitutional magnitude, unless they were raised and ruled on in the trial court."[15] "It is not enough that a constitutional question was duly made in the court below, but the trial court must have made a ruling thereon."[16] Accordingly, this enumeration presents nothing for review at this time, and the defense remains pending for the surviving claims upon remittitur.

3. Finally, the Appellants challenge the State's complaint itself, arguing that it failed to comply with the requirement in OCGA § 16-13-49 (n) (1), which provides as follows:

> *If the estimated value of personal property seized is $25,000.00 or less*, the district attorney may elect to proceed under the provisions of this subsection in the following manner: (1) Notice of the seizure of such property shall be posted in a prominent location in the courthouse of the

---

("Although compliance with the strict pleading requirements is mandated, these requirements must be interpreted reasonably.") (citation omitted).

[13] The property adequately described is as follows:

E-2 to E-4: Somero Enterprises Copperhead XD 2.0 laser screener, blade, and 2 Trimble Grade Control Receivers (purchased from Somero Enterprises in 2006, current owner DVD Concrete, Inc.);

G-3 to G-6: Four Whiteman concrete dual blade finisher floats (purchased from Live Oak and White Cap in 2004 or 2005, current owner DVD Concrete, Inc.);

M-1: 1986 Mack Truck VIN: 1M2T152CXGM002805 (purchased in 2008 from AB General Construction, current owner Made Lourdes Garcia);

R-1: 1997 Kenworth Aerocab truck VIN: 1XKWDB9X7VR737665 (in process of purchasing from Jose Ramirez, purchaser Made Lourdes Garcia);

S-6: 3 Honda industrial blowers (purchased from Live Oak or White Cap in 2005, current owner DVD Concrete, Inc.);

S-7: 2 yellow X4000 concrete wet saws (purchased from Live Oak or White Cap in 2005, current owner DVD Concrete, Inc.);

S-13: 1986 white Volvo sleeper cab VIN: WUYDCJF6GN10589 (purchased from Russell Hauling in 2009, current owner A-Z Prestige LLC); and

U-1: 2000 white Ford F-650 VIN: 3FDWW65A8YMA36343 (purchased from Ford dealer in 2000, current owner David Arreola Soto).

[14] We emphasize that this opinion is addressed to whether the Appellants met pleading requirements, not the merits of either the State's forfeiture case or the Appellants' ultimate claims to the property.

[15] (Punctuation omitted.) *Griffin v. State of Ga.*, 255 Ga. App. 687, 688 (2) (566 SE2d 414) (2002).

[16] (Punctuation omitted.) *Bain v. State*, 258 Ga. App. 440, 446 (3) (574 SE2d 590) (2002).

county in which the property was seized. Such notice shall include a description of the property, the date and place of seizure, *the conduct giving rise to forfeiture*, a statement that the owner of such property has 30 days within which a claim must be filed, and the violation of law alleged. . . .[17]

The Appellants argue that the State's complaint failed to adequately describe the conduct giving rise to forfeiture. Nevertheless, the Appellants misapprehend the proceeding below, which was an in rem proceeding for property valued at more than $25,000. Thus, the pleading requirement of OCGA § 16-13-49 (o) applied, not subsection (n).

Under the applicable subsection, OCGA § 16-13-49 (o), the State's complaint must meet, among others, the following require-ment:

. . . The complaint shall be verified on oath or affirmation by a duly authorized agent of the state in a manner required by the laws of this state. Such complaint shall describe the property with reasonable particularity; state that it is located within the county or will be located within the county during the pendency of the action; state its present custodian; state the name of the owner or interest holder, if known; *allege the essential elements of the violation which is claimed to exist*; state the place of seizure, if the property was seized; and conclude with a prayer of due process to enforce the forfeiture.[18]

Thus, the State's statutory burden, in relevant part, was to allege the essential *elements* of the violation, not the essential *facts* supporting the alleged offense.[19]

The State's complaint alleged that items were seized in an investigation "involving the conspiracy to traffic[ ] cocaine and marijuana." The complaint further alleged that "[t]he violations supporting this Complaint for Forfeiture are violations of the Geor-gia Controlled Substances Act (OCGA § 16-13-30, § 16-13-31, and/or § 16-13-33[)]." Finally, the complaint alleged that the seized property "was used and/or was intended for use in a manner to facilitate a

---

[17] (Emphasis supplied.)

[18] (Emphasis supplied.)

[19] See *Hinton v. State of Ga.*, 224 Ga. App. 49, 50-51 (2) (479 SE2d 424) (1996) ("If the General Assembly intended to require the State to plead essential facts, it simply could have stated, as it did in OCGA § 16-13-49 (o) (3) (F). . . ."). Compare *Baker v. State of Ga.*, 269 Ga. App. 722, 726-727 (605 SE2d 126) (2004) (addressing OCGA § 16-13-49 (n) (1)).

violation of the Georgia Controlled Substances Act," and specifically stated that the seized vehicles "[were] used and/or [were] intended to be used to transport and/or store cocaine and marijuana based on an investigation indicating criminal activity involving the conspiracy to traffic[ ] cocaine and marijuana." Under these facts, because the forfeiture statute declares as contraband "property which is, directly or indirectly, used or intended for use in any manner to facilitate a [drug] violation,"[20] the complaint here "made out a prima facie case for civil forfeiture of the [property] as contraband."[21] Accordingly, this enumeration is without merit.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 16, 2012 — ▇▇▇▇▇▇▇▇▇▇

*Jeffrey R. Sliz, Randall S. Estes,* for appellants.
*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Tiffany C. Boulware, Assistant District Attorneys,* for appellee..

---

[20] OCGA § 16-13-49 (d) (2).

[21] *Howard v. State of Ga.*, 223 Ga. App. 323 (477 SE2d 605) (1996).