**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 12, 2013**

# In the Court of Appeals of Georgia

A13A1238. MORGAN et al. v. STATE OF GEORGIA.

DILLARD, Judge.

In this *in rem* forfeiture action, the Superior Court of Ben Hill County struck the respective answers of Eulene Morgan, Vicky Daniels, Robbie Craddock, and Ashley Spikes (collectively "appellants"), which were filed in response to the State's complaint for forfeiture, and entered a judgment and order of forfeiture. On appeal, the appellants contend, *inter alia*, that the trial court erred in striking their answers. For the reasons set forth *infra*, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

The record shows that on June 7, 2012, Gerald Morgan was arrested and charged with the sale of methamphetamine, possession of methamphetamine with intent to distribute, use of communications facilities to violate the Georgia Controlled

Substances Act, possession of tools for the commission of a crime, and possession of a firearm by a convicted felon.[1] That same day, law-enforcement officers obtained a warrant to search Morgan's residence, and while executing that search, seized $4,450.00 in U.S. currency, several motor vehicles, and numerous other items of personal property.

On June 21, 2012, the State filed a verified *in rem* complaint for forfeiture of the currency and other items of property, including, *inter alia*, a 2005 Dodge Ram 1500 pickup truck, a 2001 Jaguar 4S, a 2003 BMW 328, two utility trailers, a Husqvarna zero-turn riding lawn mower, one Panasonic and one Mitsubishi flat-screen television, a credit-card reader, a security monitor with two cameras, a pistol, and two air rifles. Service of the complaint upon Gerald Morgan[2] and Vicky Daniels was perfected on June 27, 2012, and August 16, 2012, respectively, but, thereafter, the sheriff's department could not locate any other prospective interested persons. Consequently, the State obtained a court order allowing for service by publication, and a notice regarding the forfeiture complaint was printed in the local newspaper on September 5 and 12, 2012.

---

[1] Morgan ultimately pleaded guilty to several of these charges.

[2] Morgan did not contest the forfeiture and is not a party to this appeal.

On September 26, 2012, Eulene Morgan (Gerald Morgan's mother), Vicky Daniels, Robbie Craddock, and Ashley Spikes filed separate claims, contending that they were owners of some of the property items listed in the State's forfeiture complaint. But nearly one month later, the State filed a motion to dismiss appellants' pleadings, arguing that none of their claims sufficiently complied with the statutory requirements for filing an answer to a forfeiture complaint. Shortly thereafter, the trial court scheduled a hearing for October 30, 2012, on the State's motion.

Prior to the October 30 hearing, the appellants did not file a response to the State's motion but, rather, filed a collective amendment to their pleadings. And during the hearing,[3] appellants' counsel moved for additional time for the appellants to amend their answers, which the court granted.

On November 5, 2012, all of the appellants, except for Spikes, filed amended answers, in which they again asserted claims to some of the property listed in the forfeiture complaint. However, on November 27, 2012, the court granted the State's motion to dismiss, finding that all of the appellants' answers failed to comply with the requirements of OCGA § 16-13-49 (o) (3). And although the court did not specify which requirements the appellants failed to fulfill, it nevertheless ruled that the matter

---

[3] The hearing was not transcribed.

3

was, therefore, in default. Accordingly, the court further ruled that all of the property was subject to forfeiture. This appeal follows.

At the outset, we note that on appeal from a civil-forfeiture proceeding, "we construe the evidence in a manner that supports the judgment below."[4] However, we conduct a *de novo* review of the trial court's application of the law to undisputed facts, owe no deference whatsoever to the trial court's conclusions of law, and are free to apply anew the legal principles to the facts.[5] With these guiding principles in mind, we will now address appellants' overarching claim of error.

Appellants contend, *inter alia*, that the trial court erred in dismissing their respective answers to the State's forfeiture complaint.[6] For the reasons noted *infra*, we agree that the court erred in dismissing Eulene Morgan, Vicky Daniels, and

---

[4] *Padgett v. State of Ga.*, 289 Ga. App. 95, 95 (656 SE2d 233) (2008).

[5] *See Buchanan v. State of Ga.*, 319 Ga. App. 525, 527 (737 SE2d 321) (2013).

[6] We acknowledge that this construction of appellants' claim of error is somewhat forgiving, given that appellants' argument only generally discusses the statutory pleading requirements and instead focuses on the fact that the court entered a forfeiture judgment without holding an evidentiary hearing. Nevertheless, this Court is required to consider an appeal "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, . . . what errors are sought to be asserted upon appeal. . . ." OCGA § 5-6-48 (f); *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999).

Robbie Craddock's answers, but we disagree that it erred in dismissing Ashley Spikes's answer.

Under Georgia law, the sufficiency of an answer to a forfeiture petition "must be judged in light of the specific statutory requirements."[7] And OCGA § 16-13-49 (o) (3) provides that an answer by an owner or interest holder asserting a claim to the property at issue in an *in rem* forfeiture proceeding must satisfy the general pleading rules applicable to all civil actions, as well as the foregoing requirements:

> (A) The caption of the proceedings as set forth in the complaint and the name of the claimant; (B) The address at which the claimant will accept mail; (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; (F) All essential facts supporting each assertion; and (G) The precise relief sought.[8]

And as we have previously noted, "[t]he intent of the General Assembly when it enacted OCGA § 16-13-49 was twofold: to protect the interest of innocent property

---

[7] *Dennis v. State of Ga.*, 224 Ga. App. 11, 11 (1) (479 SE2d 380) (1996) (punctuation omitted); *see State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994).

[8] *See* OCGA § 16-13-49 (o) (3).

owners and to provide for prompt disposition of contraband property."[9] Furthermore, "while compliance with the strict pleading requirements is necessary, these requirements must be interpreted reasonably."[10] Put another way, while a claimant must satisfy each of the pleading requirements contained in § 16-13-49 (o) (3), the trial court must consider the claimant's compliance with these requirements in a reasonable manner. It is against this statutory backdrop that we now analyze the sufficiency of each appellant's answer.

1. *Eulene Morgan.* Applying the requirements of OCGA § 16-13-49 (o) (3), we conclude that the answer filed by Eulene Morgan was sufficient. Specifically, her answer claimed that she was the owner of the 2005 Dodge Ram 1500 pickup truck and the Husqvarna zero-turn riding lawn mower. Morgan's answer also provided the caption of the proceedings as set forth in the complaint and her name; the address at which she accepts mail; the nature and extent of her interest in the property; the date, identity of transferors, and circumstances of her acquisition of the property; that she

---

[9] *Dearing v. State of Ga.*, 243 Ga. App. 198, 202 (2) (532 SE2d 751) (2000) (punctuation omitted).

[10] *Id.*

6

was an innocent owner under OCGA § 16-13-49 (e) (1) (B)[11] and, thus, both items were not subject to forfeiture; the essential facts supporting her assertions; and the relief she sought. In fact, Morgan asserted specific facts regarding her purchase of both the pickup truck and the lawnmower and not mere conclusory allegations. Accordingly, Morgan's answer was sufficient, and the trial court erred in dismissing it.[12]

2. *Vickey Daniels.* We also conclude that the answer filed by Vickey Daniels, in which she claims ownership of one of the homemade utility trailers and the Mitsubishi flat-screen television, is likewise sufficient. Her answer provided the caption of the proceedings as set forth in the complaint and her name; the address at which she accepts mail; the nature and extent of her interest in the property; the date, identity of transferor, and circumstances of her acquisition of the property; the

---

[11] *See* OCGA § 16-13-49 (e) (1) (B) ("A property interest shall not be subject to forfeiture under this Code section if the owner of such interest or interest holder establishes that the owner or interest holder . . . [h]ad not acquired and did not stand to acquire substantial proceeds from the conduct giving rise to its forfeiture other than as an interest holder in an arm's length commercial transaction . . . .").

[12] *See Dearing*, 243 Ga. App. at 202 (2) (reversing trial court's dismissal and holding that information and statements in first claimant's answer to forfeiture complaint were sufficient to satisfy requirement that claimant assert specific facts of ownership and not mere conclusory allegations).

essential facts supporting her assertions; and the relief she sought. And although she improperly relies on OCGA § 16-13-49 (o) in asserting that the claimed property was not subject to forfeiture, her answer, nevertheless, states "facts required to establish herself as an innocent owner under subsection (e)."[13] Thus, her answer "sufficiently met the mandate of the statute so as to assure some degree of legitimacy to the claim and to provide supportive factual information so as to expedite the proceeding."[14] Accordingly, the trial court erred in dismissing Daniels's answer.

3. *Robbie Craddock*. Similarly, we find that Robbie Craddock's answer, which claims ownership of the 2003 BMW 328, is sufficient. His answer provided the caption of the proceedings as set forth in the complaint and his name; the address at which he accepts mail; the nature and extent of his interest in the vehicle; the date, identity of transferor, and circumstances of his acquisition of the vehicle; the essential facts supporting his assertions; and the relief sought. And while Craddock also improperly relies on an irrelevant section of the statute—OCGA § 16-13-49 (m)—in asserting that the vehicle was not subject to forfeiture, similar to Daniels's, his answer

---

[13] *Williams v. State of Ga.*, 222 Ga. App. 270, 272 (474 SE2d 98) (1996).

[14] *Id.* (punctuation omitted).

clearly asserts facts indicating that he is claiming to be an innocent owner.[15] Thus, Craddock's answer was sufficient, and the trial court erred in dismissing it.[16]

4. *Ashley Spikes*. Finally, we conclude that the trial court did not err in finding that Ashley Spikes's answer was insufficient. In her answer, Spikes claimed ownership of one of the utility trailers, the Panasonic flat-screen television, the credit-card reader, the security monitor with two cameras, the pistol, and the two air rifles. She also provided her address and approximate dates of her acquisition of the property items and generally asserted innocent ownership. However, Spikes's answer does not identify the transferor or specify the circumstances of her acquisition for any of the items of property. Furthermore, she asserts almost no specific facts of ownership and, instead, asserts merely conclusory allegations. Given these circumstances, Spikes's answer was insufficient, and the trial court did not err in dismissing it.[17]

---

[15] *See id.*

[16] *See id.*

[17] *See Dearing*, 243 Ga. App. at 202-03 (2) (affirming trial court's dismissal of second claimant's answer because it failed to provide specific information regarding the circumstances under which she acquired the seized property); *State of Ga. v. Miller*, 234 Ga. App. 650, 651 (507 SE2d 521) (1998) (holding that claimant's answer was insufficient because, *inter alia*, it failed to specify transferors of property or how

In summary, we hold that the trial court erred in dismissing the answers of Eulene Morgan, Vicky Daniels, and Robbie Craddock but that it did not err in dismissing the answer of Ashley Spikes. And having reached these conclusions, we pause to remind our trial courts of the serious constitutional rights and liberties at stake in civil-forfeiture proceedings.[18] Property ownership in the United States is a fundamental constitutional right, and Georgians are entitled to the procedural safeguards enshrined by our state and federal constitutions before the government may lawfully deprive them of their property rights.[19] A trial court, then, has a solemn

---

claimant acquired property), *disapproved of on other grounds by Dearing*, 243 Ga. App. at 201 (1).

[18] *See United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (II) (114 SCt. 492, 126 LE2d 490) (1993) (holding that the Due Process Clause of the Fifth Amendment guarantees that "[n]o person . . . shall be deprived of life, liberty, or property without due process of law" and that Supreme Court "precedents establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." (punctuation omitted)).

[19] *See id.*; U.S. CONST. amend. V & XIV; GA. CONST. art. 1, para. 1 & 2; THURSTON GREENE, THE LANGUAGE OF THE CONSTITUTION 614 (Greenwood Press 1991) ("[C]ivil liberty is sufficiently guarded when personal security, personal liberty, and *private property*, are made the peculiar care of government . . . ." (quoting William Pierce's letter to St. George Tucker, September 28, 1787, published in *Gazette of the State of Georgia*, March 20, 1788)); WALTER MCELREATH, A TREATISE ON THE CONSTITUTION OF GEORGIA § 1103 (Harrison Company 1912) ("The right of private property is sacred in the eyes of the law and stands upon the same foundation as the coordinate rights of personal liberty and personal security .

duty to ensure that before any citizen is deprived of real or personal property that he or she has been afforded due process of law.[20] And when this process has not been provided to a claimant, we will not hesitate in remanding that case for further and proper consideration.[21]

Accordingly, for all of the foregoing reasons, we affirm the dismissal of Ashley Spikes's answer, reverse the dismissal of Eulene Morgan, Vicky Daniels, and Robbie Craddock's answers, and remand the case to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Andrews, P. J., and McMillian, J., concur.*

---

. . .").

[20] *See James Daniel Good Real Property*, 510 U.S. at 48 (II).

[21] *See Dearing*, 243 Ga. App. at 203 (3) (remanding case to trial court for hearing after finding that claimant's answer to forfeiture complaint was sufficient); *Williams*, 222 Ga. App. at 272 (same).