**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**February 10, 2015**

# In the Court of Appeals of Georgia

A14A1575. CRIMLEY v. STATE OF GEORGIA.

BOGGS, Judge.

In this civil forfeiture case pursuant to OCGA § 16-13-49, the trial court granted the State of Georgia's motion to strike the answers of Christopher S. Crimley ("Crimley") and his wife and entered an order of disposition and distribution of the seized property.[1] Crimley appeals, asserting that he had no fair opportunity to respond to the motion to strike, that service of the motion was inadequate, and that his answer was sufficient. We find his answer sufficient to withstand a motion to strike under the authority of *Williams v. State of Georgia*, 222 Ga. App. 270 (474 SE2d 98) (1996). We therefore reverse the trial court's order striking Crimley's answer and making

---

[1]Crimley's wife, Judy Crimley, failed to appear at the hearing on the motion to strike her handwritten, pro se answer. She is not a party to this appeal.

disposition of the property and remand for further proceedings consistent with this opinion.

The record shows that on November 8, 2013, the State of Georgia filed an in rem "Complaint for Forfeiture" against approximately $18,000.00 and a Cadillac DeVille, alleging that the property was seized by police during execution of a search warrant on September 12, 2013. The State requested a disposition hearing 60 days after service of the complaint. OCGA § 16-13-49 (o) (5) provides: "If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause and must be held by the court without a jury." There is no rule nisi in the file, but after the State filed its motion to strike the answers and for disposition, the trial court continued the hearing "for good cause" to January 16, 2014, finding that the State's motions were "potentially dispositive."[2]

After the hearing,[3] the trial court found:

---

[2]Crimley contends that the State originally filed a notice under OCGA § 16-13-49 (n); the State denies it. But the analysis of the required contents of Crimley's responsive pleadings remains the same, as the language of the two subsections is "nearly identical." *Arreola-Soto v. State of Georgia*, 314 Ga. App. 165, 166 (1) n.6 (723 SE2d 482) (2012).

[3]Appellant requested in his notice of appeal that the transcript of the hearing on the motion to strike not be filed.

[T]he answers submitted provide insufficient detail, and do not provide the State the statutorily required information necessary to expedite the forfeiture proceedings. If a Claimant fails to comply with the strict pleading requirements of OCGA § 16-13-49 by not providing required particularized details, this failure supports a trial court's ruling that the claimant's answer is deficient. A property owner's rights to seized property are dependent upon the filing of a statutorily sufficient claim to the property in response to the notice of forfeiture.

(Citations and punctuation omitted.) This appeal followed.

OCGA §16-13-49 (o) (3) provides:

An owner of or interest holder in the property may file an answer asserting a claim against the property in the action in rem. Any such answer shall be filed within 30 days after the service of the summons and complaint. Where service is made by publication and personal service has not been made, an owner or interest holder shall file an answer within 30 days of the date of final publication. An answer must be verified by the owner or interest holder under penalty of perjury. In addition to complying with the general rules applicable to an answer in civil actions, the answer must set forth:

(A) The caption of the proceedings as set forth in the complaint and the name of the claimant;

(B) The address at which the claimant will accept mail;

3

(C) The nature and extent of the claimant's interest in the property;

(D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property;

(E) The specific provision of this Code section relied on in asserting that the property is not subject to forfeiture;

(F) All essential facts supporting each assertion; and

(G) The precise relief sought.

The trial court may strike an answer when it fails to comply with the requirements of the Code section, and in the absence of a sufficient answer, no hearing is required pursuant to OCGA § 16-13-49 (o) (5). *Holmes v. State of Georgia*, 270 Ga. App. 882, 882 (1) (608 SE2d 325) (2004). The trial court's ruling on a motion to strike is reviewed for abuse of discretion. *Howard v. State of Georgia*, 321 Ga. App. 881, 883 (743 SE2d 540) (2013). "However, we conduct a de novo review of the trial court's application of the law to undisputed facts, owe no deference whatsoever to the trial court's conclusions of law, and are free to apply anew the legal principles to the

facts." (Citation and footnote omitted.) *Morgan v. State of Georgia*, 323 Ga. App. 852, 853 (748 SE2d 491) (2013).

The body of Crimley's first verified answer, filed on December 16, 2013, does not comply with OCGA § 16-13-49 (o) (3) (A) through (G), other than by stating the caption of the proceedings and the name of the claimant as required by subsection (A). It pleads none of the specific facts required, and while it refers to an Exhibit "A," no document is so designated. However, as the State acknowledges, a verified document titled "Notice of Claim" was filed with this first answer, and that document refers to and incorporates 16 pages of supporting documents. Three days later, on December 19, Crimley filed a second verified answer, identical to the first, but apparently omitting the "Notice of Claim" while attaching additional documents.

Neither of the two answers, standing alone, complies with the statutory requirements. But in *Williams v. State*, supra, a 5-4 whole court decision, this Court concluded that the use of attached documents to show the required elements of §16-13-49 (o) (3) is sufficient to overcome a motion to strike. There, rather than formally incorporating the documents by reference, the claimant attached to her answer a

certificate of title and tag registration for a vehicle subject to forfeiture.[4] Id., 222 Ga. App. at 271. The trial court struck her answer as insufficient, and we reversed, holding that these attachments were sufficient to show her ownership, the party from whom purchased, and her interest in the vehicle: "To deny [claimant] a hearing because she incorporated documents showing this but did not repeat elsewhere in her answer that she purchased the car from [the seller] on that date would elevate form over substance to an intolerable degree." Id.

In determining whether Crimley complied with the requirements of OCGA § 16-13-49 (o) (3), therefore, we must consider all of his filings in response to the State's complaint as constituting his answer – even though they are not formally or

---

[4]While the majority in *Williams* asserted that the answer "incorporates copies of her certificate of title to the subject car and the tag registration," id. at 271, the dissent pointed out that the documents were not incorporated by reference, but merely attached to the answer, and argued that the statute's "specific statutory requirements" should control. Id. at 273. But a majority of this Court disagreed and found attachment without an explicit incorporation in the answer to be sufficient.

expressly incorporated in the two documents styled "Answer."[5] And in considering the sufficiency of the answer, we must also bear in mind the legislative intent:

> [T]he intent of the General Assembly when it enacted OCGA § 16-13-49 was twofold: to protect the interest of innocent property owners and to provide for prompt disposition of contraband property. Furthermore, while compliance with the strict pleading requirements is necessary, these requirements must be interpreted reasonably. Put another way, while a claimant must satisfy each of the pleading requirements contained in OCGA § 16-13-49 (o) (3), the trial court must consider the claimant's compliance with these requirements in a reasonable manner.

(Citations, punctuation, and footnotes omitted.) *Morgan*, supra, 323 Ga. App. at 854-855. The answer should "assure[] some degree of legitimacy to the Appellants' prima facie claim of ownership, and . . . otherwise contain[] factual information necessary to expedite the proceeding." *Arreola-Soto v. State of Georgia*, 314 Ga. App. 165, 167 (1) (723 SE2d 482) (2012); see also *Harris v. State of Georgia*, 222 Ga. App. 267, 269 (474 SE2d 201) (1996).

---

[5]The amendment provisions of the Civil Practice Act apply to forfeiture proceedings, and amendments to answers therefore "must be considered in determining the legal sufficiency of a property owner's answer under [OCGA] § 16-13-49 (o) (3)." (Citation and punctuation omitted.) *Jackson v. State*, 231 Ga. App. 320, 321 (1) (498 SE2d 159) (1998).

Construing Crimley's answer in light of these authorities, we conclude that it is sufficient to show the address at which he will accept mail, the nature and extent of his interest in the property, the date, identity of transferor, and circumstances of his acquisition of that interest, the Code section relied on, the relief sought, and the facts supporting those assertions. The "Notice of Claim" states that Crimley "will accept mail through his attorney" and then gives the address of his attorney under his signature. The notice attaches income tax returns showing the amounts that Crimley alleges he saved from income tax refunds and gifts from a named individual, and a ledger card from a named car dealer showing the price, date of purchase, and loan payments on the vehicle.[6] While Crimley does not cite a specific subsection relied upon in asserting that the property is not subject to forfeiture, citing only OCGA § 16-13-49 (n) generally, this is not fatal to his claim if his contentions can be gleaned from his answer. See *Morgan*, supra, 323 Ga. App. at 855 (2) (citing incorrect subsection not fatal when substance alleged). Crimley's Notice of Claim recites the

[6]Compare *Serchion v. State of Georgia*, 230 Ga. App. 336 (496 SE2d 333) (1998), cited by the trial court, in which the claimant gave no details of the circumstances of his acquisition of a vehicle, and only an approximate date for the alleged purchase from an unidentified "car lot on Thornton Road." Id. at 338 (2).

8

language of OCGA § 16-13-49 (d) (3) and (6) in denying that the property was subject to forfeiture.

In sum, Crimley's answers and their various attachments, while inartfully drafted and poorly presented, are sufficient as a whole to survive a motion to strike. See *Harris*, supra, 222 Ga. App. at 268-269 (lack of detail concerning property "does not render his claim 'insufficient' or 'deficient' as a matter of law"); *Glenn v. State of Georgia*, 320 Ga. App. 214, 218 (2) (739 SE2d 692) (2013) (failure to provide "a more precise accounting" of funds "does not render his claim 'insufficient' as a matter of law.")

Moreover, "[a]s we have recognized, this is merely the pleading stage," and Crimley is not required to prove his case in his answer. (Citations, punctuation, and footnotes omitted). *Baker v. State of Georgia*, 269 Ga. App. 722, 727 (605 SE2d 126) (2004). But because this is merely a question of sufficiency of pleadings, we also note that "[w]hile we find [Crimley]'s answer met the pleading requirements entitling him to a hearing as to whether the property should be forfeited, we do not address the merits of either the State's forfeiture case or [Crimley]'s ultimate claims to the property." *Glenn*, supra, 320 Ga. App. at 218 (2) n.5.

9

The trial court's judgment is accordingly reversed, and the case remanded for a hearing within 60 days after receipt of the remittitur. See OCGA § 16-13-49 (o) (5).[7]

*Judgment reversed and case remanded with direction. Barnes, P. J., concurs. Branch, J., concurs in the judgment only*.

---

[7]We therefore need not address Crimley's remaining enumerations of error, which concern notice of the hearing on the State's motion to strike.